IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**YELENA BIRD, et al.,**

        **Plaintiffs,**

v.                                        Civ. 08-0851 BB/LAM

**REGENTS OF NEW MEXICO STATE
UNIVERSITY, et al.**

        **Defendants.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on *Plaintiff Freedom Cheteni's Motion for Emergency Injunctive Relief* (*Doc. 25)* (hereinafter "*Motion*"), filed on February 5, 2009. This motion was referred to the undersigned for recommended disposition. *See Order of Reference (Doc.26)*, filed February 10, 2009. Pursuant to the Court's *Order Setting Expedited Briefing Schedule and Evidentiary Hearing on Plaintiff Freedom Cheteni's Motion for Emergency Injunctive Relief (Doc. 32)*, entered on February 13, 2009, all Defendants except Defendant Olsen (hereinafter "NMSU Defendants") filed *Defendant Regents of New Mexico State University's Response [to] Plaintiff Cheteni's Motion for Emergency Injunctive Relief (Doc. 41)* (hereinafter "*NMSU Defendants' Response*"), on February 19, 2009, Defendant Olsen filed *Defendant Olsen's*

---

[1] **Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

*Answer to Cheteni's Motion for Emergency Injunctive Relief (Doc. 45)* (hereinafter "**Defendant Olsen's Response**"), on February 20, 2009, and Plaintiff filed ***Plaintiff Freedom Cheteni's Reply in Support of His Motion for Emergency[]Injunctive Relief*** *(Doc. 42)* (hereinafter "**Reply**"), on February 20, 2009.  The Court set this motion for an evidentiary hearing for February 24, 2009 *(Doc. 32)*.  The Court has reviewed the motion, responses, reply, the pleadings filed in this case, and relevant law.  For the reasons set forth below, the Court recommends that ***Plaintiff Freedom Cheteni's Motion for Emergency Injunctive Relief*** (*Doc. 25*) be **DENIED with prejudice** as to Defendant Olsen, and **DENIED without prejudice** as to the NMSU Defendants.

Plaintiff Cheteni's *Motion* asks the Court to (1) "[e]njoin Defendants Regents of New Mexico State University ([hereinafter] "NMSU") and James Robinson from excluding or taking steps to exclude Mr. Cheteni from registering as an in-state student subject to in-state tuition and taking classes necessary to completing his degree in the Masters of Public Health . . . program for the Spring 2009 semester;" and (2) "[e]njoin Defendants NMSU, James Robinson, Michael Martin, Larry Olsen and James Gallagher from releasing the grade reports received by Mr. Cheteni for his work during the Fall 2008 semester or from using those grades in any way pending the resolution of this case." *Motion (Doc. 25)* at 1.  NMSU Defendants state in their response that NMSU has correctly charged Plaintiff Cheteni out-of-state tuition, and that Plaintiff Cheteni has failed to follow NMSU's established policy on grade appeals.  *See **NMSU Defendants' Response** (Doc. 41)* at 1-4.  Defendant Olsen asks the Court to dismiss this *Motion* against him because he is no longer employed by NMSU and, therefore, has no control over the release of Mr. Cheteni's grades.  *See **Defendant Olsen's Response** (Doc. 45)* at 1.  In his **Reply**, Plaintiff Cheteni states that in the Spring 2009 semester he would like to re-take the classes for which he received poor grades in the Fall 2008

2

semester. *See **Reply** (Doc. 42)* at 3. Plaintiff Cheteni also states that "[a]s an alternative, if the Court is not convinced that Cheteni can successfully complete the three classes this semester, he requests the Court to make an appropriate finding regarding his entitlement to in-state tuition and requrie NMSU to honor that entitlement during the following semester." *Id.* at 3-4.

Prior to the hearing on February 24, 2009, the Court met with counsel for both sides and discussed: (1) whether this motion should be denied as to Defendant Olsen since he is no longer employed by NMSU; (2) new issues raised in Plaintiff's ***Reply***; (3) questions left unanswered by the parties' written submissions regarding (a) Plaintiff's Cheteni's graduate assistantship; (b) questions regarding the confidentiality of Plaintiff Cheteni's asylum petition; and (c) the status of Plaintiff Cheteni's grade appeals at NMSU. Counsel for Plaintiff Cheteni agreed that since Defendant Olsen was no longer employed by New Mexico State University and, therefore, has no control over the release of Plaintiff Cheteni's grades, the relief requested by Plaintiff Cheteni would be futile and, therefore, the motion should be denied as to Defendant Olsen.

After lengthy discussion of various issues involved in the motion and negotiation of several options, the parties reached the following agreement:

(1) If Plaintiff Cheteni is able to obtain evidence by August 2009, that shows he had an asylum petition pending in July 2008, Defendants will remove the out-of-state tuition charges for the Fall 2008 semester, from Mr. Cheteni's account at NMSU, and will allow him to pay in-state tuition for the Fall 2009 semester, as long as Plaintiff Cheteni pays any outstanding incidental charges from the Fall 2008 semester owed to NMSU; or

(2) If Plaintiff Cheteni reapplies for asylum before the Fall 2009 semester, and he pays the amount he owes for out-of-state tuition for the Fall 2008 semester, as well as all outstanding incidental charges owed to NMSU, Bruce Kite, in-house NMSU counsel, will strongly recommend that Plaintiff Cheteni be allowed to pay in-state tuition for the Fall 2009 semester.

**IT IS HEREBY RECOMMENDED,** based on the agreement reached by the parties as stated above, that *Plaintiff Freedom Cheteni's Motion for Emergency Injunctive Relief* (*Doc. 25*) be **DENIED with prejudice** as to Defendant Olsen, and **DENIED without prejudice** as to the NMSU Defendants.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**