IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

YELENA BIRD, ROBERT BUCKINGHAM,
FREEDOM CHETENI, JOHN MORAROS,
and SATYA RAO,

        Plaintiffs,

v.                                                                            No. CIV 08-851BB/LAM

REGENTS OF NEW MEXICO STATE
UNIVERSITY, LARRY OLSEN, in his
individual capacity, JAMES ROBINSON, in his
individual capacity, MICHAEL MARTIN, in
his individual capacity, and ROBERT
GALLAGHER, in his individual and official
capacities,

        Defendants,

and

LARRY OLSEN,

        Third-Party Plaintiff,

v.

JAY B. JORDAN, in his individual capacity,
RAMON DOMINGUEZ, in his individual
capacity, and WADED CRUZADO SALAS, in
her individual capacity.

        Third-Party Defendants.

# MEMORANDUM OPINION
# SUPPORTING ORDER GRANTING MOTION TO STRIKE

**THIS MATTER** is before the Court on the Motion of Plaintiffs to Strike Defendant Olsen's Third-Party Complaint [doc. 79]. Having considered the briefs of counsel, the Court finds the motion is well taken and should be GRANTED, and Third-Party Defendants' Motion for Summary Judgment [doc. 73] therefore becomes MOOT.

## *Procedural History*

Plaintiffs filed their Complaint against Defendants, including Larry Olsen, in this Court on September 18, 2008. Olsen answered Plaintiffs' Complaint on or about October 28, 2008. In March 2009, Olsen filed his Third-Party Complaint against Third-Party Defendants Jay Jordan, Ramon Dominguez, and Waded Cruzado Salas on April 14, 2009, asserting violations of his constitutional rights enforceable through 42 U.S.C. § 1983 and further asserting state law claims for breach of contract.

Although Olsen's attorney advised the Court that the other Defendants in the case did not oppose his motion to amend the Third-Party Complaint, he did not inform the Court of Plaintiffs' opposition to his motion. The Court therefore granted Olsen's motion to amend on March 31, 2009. Plaintiffs have now filed a motion to strike the Third-Party Complaint on the grounds of futility.

## *Discussion*

A defendant's third-party complaint may be deemed proper pursuant to Rule 14(a)(1) only when the nonparty against whom he asserts such third-party claims are, or may be, liable to the plaintiffs for some or all of the claims against him. *See* **FED. R. CIV.**

P. 14(a)(1); *see also Sorenson v. Riffo*, 2008 U.S. Dist U.S. DIST LEXIS 84157, *5 (D. Utah). The Tenth Circuit has narrowly interpreted Rule 14's provisions allowing impleader, holding that the third-party claim must be derivative of the original claim. *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158, n. 1 (10th Cir. 1990); *Horn v. Daniel*, 315 F.2d 471, 474 (10th Cir. 1962). Any third-party claim asserted under Rule 14 must involve liability of the original defendant to the original plaintiff that may be passed on to the third-party defendant. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 368 (1978); *Admin. Comm. of Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 513 (D. Kan. 2003).

In their Complaint, Plaintiffs alleged that Olsen engaged in race discrimination against them in violation of 42 U.S.C. § 1983 and § 1981, and that Olsen retaliated against Plaintiffs for speaking out against race discrimination and retaliation in violation of 42 U.S.C. § 1983 and the First Amendment. In his Third-Party Complaint, by contrast, Olsen asserts that his employment was ultimately terminated as a result of the University's investigation of a sexual harassment claim brought by Plaintiff Freedom Cheteni. Since Cheteni has not asserted sexual harassment as a basis for liability in the original lawsuit, these are clearly separate claims. When a third-party complaint alleging that the original defendant violated federal work regulations, a defense that the violation was caused by sabotage by third parties is not a sufficient basis for a third-party complaint against the alleged saboteurs. *Marshall v. Pointon*, 88 F.R.D. 566 (W.D. Okla.

1980).  A third-party complaint which does not allege claims by the third-party defendants that would make them liable for all or part of damage of the original plaintiffs does not comply with Rule 14.  *Doucette v. Vibe Records*, 233 F.R.D. 117 (E.D.N.Y. 2005); *KM Mentor, L.L.C. v. Knowledge Mgmt. Prof'l Soc'y, Inc.*, 2006 U.S. Dist U.S. DIST LEXIS 92435 (D. Kan.).

Olsen acknowledges that the Third-Party Complaint has no foundation in Rule 14, but argues that since the third-party "claims arise out of the same transaction" and "the facts are common to all the parties," that "[j]udicial economy would dictate that the Third-Party Plaintiff's cause remain a part of this cause."  (Olsen's Resp. p. 2).  Such arguments may be valid only when there is a valid third-party claim and there would be no prejudice to the third-party defendant.  *King Fisher Marine Serv., Inc.*, 893 F.2d at 1171; *cf. Goodrich v. Burlington Northern R. Co.*, 701 F.2d 129, 130 (10th Cir. 1983) (court is not at liberty to expand jurisdiction in the name of judicial economy).  Here, the third-party claims involve a separate dispute and would more likely complicate the evidence and confuse a jury.  This is not an appropriate third-party claim.  *See Doucette, supra; Valdez v. City of Farmington*, 580 F. Supp. 19, 21 (D.N.M. 1984); *Schwabach v. Memorial Sloan Kettering Cancer Center*, 2000 WL 122203 at 3 (S.D.N.Y.)

Defendant Olsen's Third-Party Complaint will be Dismissed.

_____
**BRUCE D. BLACK**
**United States District Judge**