**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YELENA BIRD, ROBERT BUCKINGHAM,
FREEDOM CHETENI, JOHN MORAROS, and
SATYA RAO,

    Plaintiffs,

vs.                                                              No. 08-CV-851 BB/LAM

REGENTS OF NEW MEXICO STATE
UNIVERSITY, LARRY OLSEN, in his
individual capacity, JAMES ROBINSON, in
his individual capacity, MICHAEL MARTIN,
in his individual capacity, and ROBERT GALLAGHER,
in his individual and official capacities,

    Defendants.

**STIPULATED PROTECTIVE ORDER**
**FOR DISCLOSURES OF DOCUMENTS**

    COME NOW Plaintiffs Yelena Bird, Robert Buckingham, Freedom Cheteni, John Moraros, and Satya Rao, and Defendant Regents of New Mexico State University, and individual Defendants Larry Olsen, James Robinson, Michael Martin, and Robert Gallagher (hereinafter referred to as "the Parties"), and file this Stipulated Protective Order for Disclosure of Documents in the above-styled and numbered cause, and would respectfully show the Court the following:

    The Parties are to exchange Requests for Production seeking access to various records that may contain personal or medical information protected by federal or state laws, or both. Documents requested may also contain highly confidential information, including, but not limited to, medical, psychiatric, employment, financial, and tax records, the indiscriminate disclosure of which could result in unnecessary intrusion upon the privacy interests of Plaintiffs, Defendants, and the witnesses and individuals employed by New Mexico State University. In order to permit the Parties to obtain discovery of information that may be relevant and to allow

the Parties to use such information, and without waiver of the Parties' right to argue that the protected information is not relevant to the issues in this case, it is hereby stipulated by the undersigned attorneys for the respective Parties that the following procedures shall be followed with respect to documents produced in response to the respective Parties' discovery requests that could be protected under federal or state laws, or both, or which may otherwise contain highly personal information, including, but not limited to, the categories set out above.

1. Right of access to such material shall be limited to Parties to this lawsuit, counsel for the Parties, their paralegals and other employees, and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. Any persons having access to this material shall be informed that it is confidential and subject to a nondisclosure order by the Court. Individuals to whom this material is made available are bound by the restrictions in this Order. The Parties shall take reasonable steps to ensure that individuals in their employ and persons mutually authorized by all Parties to this cause to examine such materials comply with this Order. The documents copied and turned over to opposing counsel, pursuant to this Protective Order, will be labeled "CONFIDENTIAL" or designated in some other way that is agreed to by the Parties if opposing counsel seeks to use them in any fashion during the pending litigation. If documents are designated as "CONFIDENTIAL" and used in any fashion they will be held in strict confidence.

2. Those having right of access to the protected material shall use such material and information derived therefrom only for purposes of litigating the instant lawsuit. The Parties and their attorneys shall not use or disclose, and shall take all reasonable steps to prevent the use or disclosure of, such material or information for any other reason.

3. The substance of the information contained in the material described above shall not be disclosed by any means whatsoever by those having right of access to the material except as set forth in paragraphs 4 through 6 below.

4. No person having access to the material described above shall make public disclosure of those materials without further order of the Court or stipulations by the Parties except as set forth in paragraphs 5 through 6 below.

5. Subject to modification by the Court at the time of trial, the foregoing material shall not be filed with the Court other than in one of the following manners: (1) in a manner that would not reveal the identifies of the individuals about whom the records pertain; or (2) under seal. Any document designated "CONFIDENTIAL" or designated in some other way that is agreed to by the Parties may be used at any hearing or trial in open court.

6. Subject to modification by the Court at the time of trial, in the event that any material subject to this Order is used in a court proceeding or referred to in any pleading filed in this case, it shall not lose its status through such use, and parties may file documents under seal if used in support of any pleading or motion.

7. In order to facilitate further releases of material, the Parties, by letter between counsel, may agree to designate other material as being subject to this Order.

8. This Order is without prejudice to the right of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure or by any state or federal statute or other authority. This Order does not constitute any ruling on the question of whether any particular record is properly discoverable and does not constitute any ruling on any potential objection to the discoverability or admissibility of any record, and any party may challenge

another party's designation of any document as "CONFIDENTIAL" by filling a motion with the court.

9. Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "CONFIDENTIAL" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nothing herein shall prevent any counsel of record from utilizing 'CONFIDENTIAL" information in the examination or cross examination of any person who is indicated on the document as being an author, source or recipient of the "CONFIDENTIAL" information, irrespective of which party produced such information.

10. Material subject to this Order shall not be further photocopied or reproduced except in connection with its use in this litigation. Any photocopies or reproductions of materials subject to this Order shall be subject to the terms of this Order.

11. The Parties may redact the following information from the files:

(a) Home address, home telephone numbers, and social security numbers of any person in the file;

(b) All personal information, including the names, of persons other than the person whose file is being disclosed, except if deletion of a name will adversely affect the ability of a party to comprehend or utilize the information in the document.

12. At the conclusion of this litigation the Parties' counsel agree that:

(a) all documents subject to this Order shall be destroyed or returned to counsel for the respective party within 60 days of the conclusion of all trial and appellate proceedings. In the event that any copies of the foregoing material are made, all such copies shall be destroyed or returned to the respective party's counsel within 60 days of the conclusion of all

trial and appellate proceedings.  Once the material is destroyed, the counsel for the respective party will be so notified.

   (b)  Any file copies of the documents or matters derived therefrom are sealed, retained by the Parties' counsel at their office addresses, and have not and will not be released or used in the future.

   (c)  No future use of the materials or matters derived from the material subject to this Order or materials derived from these files will be used in future litigation, or for any other purpose.

             _Lourdes A. Martínez_____
             **LOURDES A. MARTÍNEZ**
             **UNITED STATES MAGISTRATE JUDGE**

Prepared and submitted by:

_____/S/_____
Lawrence R. White
**Miller Stratvert, P.A.**
3800 E. Lohman Ave., Suite B
P.O. Box 1209
Las Cruces, N.M. 88004
Attorneys for Defendants NMSU,
Robinson, Gallagher, and Martin

Approved:

| | |
|---|---|
| _Approved via electronic mail 1/26/10_ | _Approved via electronic mail 1/26/10_ |
| Christopher M. Moody | Cody R. Rogers |
| Julie K. Fritsch | The Sandenaw Firm, P.C. |
| Moody & Warner | 2951 N. Roadrunner Parkway |
| 4169 Montgomery Blvd, NE | Las Cruces, New Mexico  88011 |
| Albuquerque, New Mexico  87109 | _Attorneys for Defendant Olsen_ |
| _Attorneys for Plaintiffs_ | |

*Approved 1/25/10*
Bruce R. Kite
MSC 3UGC
New Mexico State University
P.O. Box 30001
Las Cruces, NM   88003-8001
*Attorney for Defendants NMSU*
*Robinson, Gallagher and Martin*

F:\01 ForReview\08-0851 Bird 1-28-10 Stipulated Protective Order - Parties-AC.wpd