**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**YELENA BIRD, et al.,**

      **Plaintiffs,**

v.                                                                    Civ. 08-0851 BB/LAM

**REGENTS OF NEW MEXICO STATE**
**UNIVERSITY, et al.**

      **Defendants.**

**ORDER GRANTING IN PART DEFENDANTS'** *AMENDED MOTION TO COMPEL, OR IN THE ALTERNATIVE TO AMEND SCHEDULING ORDER (Doc. 156)*

**THIS MATTER** is before the Court on Defendants Regents of New Mexico State University, Dr. James Robinson, Dr. Michael Martin, and Robert Gallagher's (hereinafter "NMSU Defendants") *Amended Motion to Compel, or in the Alternative to Amend Scheduling Order (Doc. 156)* (hereinafter "*Amended Motion to Compel*"), filed February 8, 2010. This matter is also before the Court on NMSU Defendants' *Motion to Compel, or in the Alternative to Amend Scheduling Order (Doc. 149)*, which was filed February 1, 2010 without the disputed discovery requests and objections attached. Plaintiffs filed *Plaintiffs' Response in Opposition to Defendants' Motion to Compel Discovery (Doc. 159)* (hereinafter "*Response*") on February 12, 2010, and NMSU Defendants filed *Defendants' Reply to Plaintiffs' Response in Opposition to Defendants' Amended Motion to Compel, or in the Alternative to Amend Scheduling Order (Doc. 161)* (hereinafter "*Reply*") on February 18, 2010. The Court held an in-person hearing on the motion on February 23, 2010, at which counsel for both parties appeared. *Clerk's Minutes (Doc. 163)*.[1] Having considered the parties' submissions, the parties' statements at the hearing, and the relevant

---

[1] Counsel for Defendant Larry Olsen stated at the hearing that she has no position on this motion. *Clerk's Minutes (Doc. 163)* at 2.

law, the *Amended Motion to Compel, or in the Alternative to Amend Scheduling Order (Doc. 156)* will be **GRANTED in part**, and the *Motion to Compel, or in the Alternative to Amend Scheduling Order (Doc. 149)* will be **DENIED as moot**.

Attempt to Confer

In their ***Response***, Plaintiffs argue that NMSU Defendants failed to comply with Fed. R. Civ. P. 37(a) because they did not make a good faith effort to meet and confer with Plaintiffs before filing their motion to compel. ***Response*** *(Doc. 159)* at 1-3. Plaintiffs state that counsel for NMSU Defendants sent an e-mail to Plaintiff's counsel on January 28, 2010 outlining NMSU Defendants' concerns with Plaintiffs' responses to NMSU Defendants' RFPs. ***Response***, Exhibit 1 *(Doc. 159-2)* at 1. One of Plaintiffs' counsel states that he attempted to call NMSU Defendants' counsel that day, but was unable to reach him. ***Response*** *(Doc. 159)* at 2. Plaintiffs' counsel then responded by e-mail the next day indicating that he disagreed with NMSU Defendants' legal arguments regarding the discovery and asked for additional authority and to discuss the issues more fully. ***Response***, Exhibit 2 *(Doc. 159-2)* at 2. Without any further communication with Plaintiffs' counsel, NMSU Defendants filed their ***Motion to Compel, or in the Alternative to Amend Scheduling Order*** *(Doc. 149)* on February 1, 2010. ***Response*** *(Doc. 159)* at 2. Plaintiffs argue that NMSU Defendants' single e-mail communication is insufficient to comply with Rule 37 and asks the Court to deny the motion for that reason. Plaintiffs cite a Tenth Circuit case which states that Rule 37 requires a good-faith conference. *Id.* at 3 (citing *LaFleur v. Teen Help*, 342 F.3d 1145, 1152 (10th Cir. 2003)).

In their ***Reply***, NMSU Defendants state that there was no need for further attempts to confer with Plaintiffs' counsel because Plaintiffs' counsel's e-mail indicated that he was unwilling to negotiate any further, which indicated to NMSU Defendants' counsel that the issue was now for the

Court to decide.  *Reply (Doc. 161)* at 2.  The Court agrees with NMSU Defendants' assessment of Plaintiff's counsel's e-mail.  While a single e-mail stating that counsel intends to file a motion to compel with no indication that the party is willing to confer is not sufficient to comply with the requirement to make a good-faith effort to meet and confer under Rule 37 (*see Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635-36 (D. Colo. 2003)), the Tenth Circuit decision in *LaFleur v. Teen Help*, 342 F.3d 1145, 1152 (10th Cir. 2003) does not state that counsel are required to meet in-person or have a formal conference.  Plaintiffs' counsel's statements in his e-mail to NMSU Defendants' counsel that "we are going to stand on our objections," and that "[w]e believe the cited authority supports our objection" (*Response*, Exhibit 2 *(Doc. 159-2)* at 2), provided NMSU Defendants' counsel with sufficient reason to think that there was no need to confer any further.  The Court finds that NMSU Defendants made a good-faith effort to meet and confer pursuant to Rule 37.

<u>Request for Production No. 1</u>

NMSU Defendants' Request for Production (hereinafter "RFP") No. 1 asks Plaintiffs to "produce copies of all cell phone records of all Plaintiffs for the time frame of January 1, 2007 through November 1, 2009."  **Amended Motion to Compel**, Exhibit A *(Doc. 156-2)* at 1.  Plaintiffs objected to this request stating that it is overly broad, not limited as to time or scope, and seeks information that is not relevant or reasonably calculated to lead to the discovery of relevant evidence.  *Id.* at 1-2.  NMSU Defendants agreed to limit the request to just Plaintiffs Bird, Moraros and Buckingham and to January 2008 through June 2008.  *Response*, Exhibit 1 *(Doc. 159-2)* at 1.  NMSU Defendants state that they seek this information to show that Plaintiffs were not seeking outside employment and were communicating during university investigations that form the basis of their lawsuit.  *Id.*  In their *Reply*, NMSU Defendants state that these records may show that Plaintiffs were trying to conform their testimony during university investigations and that they were

involved in an incident defaming Defendants.  ***Reply*** *(Doc. 161)* at 4.  At the hearing, NMSU Defendants' counsel stated that they are also seeking these phone records for a possible defense that Plaintiff Buckingham was leading the Plaintiffs in actions against Defendant Robinson.  ***Clerk's Minutes*** *(Doc. 163)* at 1.

The Court finds that the phone records for Plaintiffs Bird, Moraros and Buckingham from January 2008 through June 2008 are "reasonably calculated to lead to the discovery of admissible evidence" regarding whether Plaintiffs were seeking outside employment, were trying to conform their testimony during the university's investigation, and regarding Plaintiff Buckingham's alleged attempts to lead actions against Defendant Robinson.  *See* Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.")  Even though NMSU Defendants' request may result in inadmissible information, Rule 26 allows for broad discovery of any matter that is not privileged as long as it is relevant to a claim or defense of a party.  *Id.*  The requested phone records will show the phone numbers called, the dates and times of the calls, the length of the calls, and how many calls were made, which may lead to the discovery of admissible evidence regarding those phone conversations.  The Court, therefore, will order Plaintiffs to respond to NMSU Defendants' RFP No. 1, but will limit Plaintiffs' response to cell phone records for Plaintiffs Bird, Moraros and Buckingham from January 2008 through June 2008.

### Request for Production No. 3

NMSU Defendants' RFP No. 3 asks Plaintiffs to "produce all documents and materials in any form which in any way relate to the allegations in [a listing of 70 paragraphs] of Plaintiffs' Second Amended Complaint."  ***Amended Motion to Compel*** *(Doc. 156-2)*, Exhibit A  at 2-3.  Plaintiffs objected to this request stating that it exceeds the number of requests permitted by the

4

Court (25 requests per *Order Adopting Joint Status Report Provisional Discovery Plan With Changes and Setting Case Management Deadlines (Doc. 117)*) because Plaintiffs consider the request as including discrete subparts for each paragraph cited.  Plaintiffs also state that the request is impermissibly vague.  Plaintiffs produced documents concerning the allegations of the first 23 paragraphs listed in the request and they stopped responding.  *Amended Motion to Compel*, Exhibit A *(Doc. 156-2)* at 3-4.  Furthermore, Plaintiffs objected to all of NMSU Defendants' remaining requests for production after RFP No. 3 on the grounds that they exceed the number of requests permitted by the Court.  *Id.* at 5-9.

In their *Amended Motion to Compel*, NMSU Defendants contend that RFP No. 3 does not constitute 70 individual RFPs because they are simply asking Plaintiffs to identify by Bates numbers the specific documents related to each of the 70 paragraphs listed in RFP No. 3.  *Amended Motion to Compel (Doc. 156)* at 3.  In their *Response*, Plaintiffs explain that their initial and supplemental disclosures have provided sufficient specificity regarding which documents pertain to each of their claims.  *Response (Doc. 159)* at 3.  Plaintiffs state that they provided NMSU Defendants with documents separated into nine categories which correspond to Plaintiffs' various claims.  *Id.* at 4 and Exhibit 3 *(Doc. 159-2)* at 5-6.  Plaintiffs also state that NMSU Defendants' argument that RFP No. 3 merely seeks documents which should already be in their possession and that Plaintiffs only need to provide Bates numbers is incorrect because Plaintiffs' initial and supplemental disclosures only include documents that Plaintiffs intend to use, not "all documents and materials in any form which in any way relate to [Plaintiffs'] allegations," as requested in RFP No. 3.  *Response (Doc. 159)* at 4.  Plaintiffs, therefore, contend that RFP No. 3 constitutes an excess of the allowed 25 requests for production.

The Court finds that RFP No. 3 constitutes 70 individual RFPs because each paragraph is a request for a category of items.  *See* Fed. R. Civ. P. 34(b)(1)(A).  In addition, the Court finds that NMSU Defendants' RFP No. 3 fails to "describe with reasonable particularity each item or category of items" as required by Fed. R. Civ. P. 34(b)(1)(A), because it asks for "all documents and materials" relating to 70 separate allegations without any further description of what NMSU Defendants are seeking.  However, NMSU Defendants clarified at the hearing that they are only seeking a categorization of documents that Plaintiffs have already produced into groups relating to the 70 paragraphs listed in RFP No. 3.  ***Clerk's Minutes** (Doc. 163)* at 2.  Plaintiffs also stated that such categorization, which they have already completed for 23 of the paragraphs, is not overly burdensome.  *Id.*  For those reasons, and because the rules do not impose a limit on the number of RFPs parties may serve and this case involves multiple Plaintiffs and a lengthy complaint, the Court will amend the scheduling order to allow an additional 47 requests for production to accommodate the remainder of the 70 requests in RFP No. 3.  The Court will compel Plaintiffs to respond to the remaining 47 paragraphs in RFP No. 3 by listing Bates numbers of documents they plan to use in support of their claims in groups relating to those 47 paragraphs.

**IT IS THEREFORE ORDERED** that NMSU Defendants' ***Amended Motion to Compel, or in the Alternative to Amend Scheduling Order** (Doc. 156)* is **GRANTED in part** as follows:

1. Plaintiffs shall produce copies of cell phone records for Plaintiffs Bird, Moraros and Buckingham from January 2008 through June 2008;

2. Plaintiffs shall produce Bates numbers of documents which Plaintiffs intend to use in support of their claims in groups relating to the 47 paragraphs not already responded to in Request for Production No. 3; and

    3.      The *Order Adopting Joint Status Report (Doc. 117)* is hereby amended to allow an additional 47 requests for production to accommodate the 70 requests in NMSU Defendants' Request for Production No. 3; and

**IT IS FURTHER ORDERED** that NMSU Defendants' *Motion to Compel, or in the Alternative to Amend Scheduling Order (Doc. 149)* is **DENIED as moot**.

**IT IS SO ORDERED.**

                                            */s/ Lourdes A. Martínez*
                                      **LOURDES A. MARTÍNEZ**
                                      **UNITED STATES MAGISTRATE JUDGE**