IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YELENA BIRD, et al.,

      Plaintiffs,

v.                                         Civ. 08-0851 BB/LAM

REGENTS OF NEW MEXICO STATE
UNIVERSITY, et al.

      Defendants.

## ORDER GRANTING IN PART *PLAINTIFFS' MOTION TO COMPEL DEFENDANT REGENTS OF NEW MEXICO STATE UNIVERSITY'S ANSWERS TO PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION (Doc. 183)*

**THIS MATTER** is before the Court on *Plaintiffs' Motion to Compel Defendant of New Mexico State University's Answers to Plaintiffs' First Interrogatories and Requests for Production (Doc. 183)* (hereinafter "*Motion to Compel*"), filed April 15, 2010. Defendant Regents of New Mexico State University (hereinafter "Defendant") filed its response *(Doc. 196)* on May 3, 2010, and Plaintiffs filed their reply *(Doc. 203)* on May 10, 2010. The Court held an in-person hearing on the motion on May 12, 2010, at which counsel for both parties appeared. *Clerk's Minutes (Doc. 209)*.[1] Having considered the parties' submissions, the parties' statements at the hearing, and the relevant law, the Court **FINDS** that *Plaintiffs' Motion to Compel Defendant Regents of New Mexico State University's Answers to Plaintiffs' First Interrogatories and Requests for Production (Doc. 183)* shall be **GRANTED in part** and **DENIED in part**.

In their *Motion to Compel*, Plaintiffs ask the Court to compel Defendant to respond to Interrogatories 2, 5, 7, 8, 15, 19, 20, 21 and 23, and to Requests for Production 6 and 10. Prior to

---

[1] Counsel for Defendant Larry Olsen was also present at the hearing and stated that she has no position on this motion. *Clerk's Minutes (Doc. 209)* at 1.

the hearing, the parties resolved the issues regarding Interrogatories 7 and 15 and Requests for Production 6 and 10. *Clerk's Minutes (Doc. 209)* at 1. The remaining disputed interrogatories shall be responded to as follows:

### Interrogatories 2 and 5

Interrogatory 2 asks Defendant to: "List all salary and other benefits provided to tenured faculty members in the Department of Health Science at NMSU between January 1, 2000 and the present," and Interrogatory 5 asks Defendant to: "List all salary, tuition or other benefits provided to tenure-track faculty members in the Department of Health Science at NMSU between January 1, 2005 and the present." *Motion to Compel*, Exhibit 1 *(Doc. 183-1)* at 2 and 4. The parties agreed to limit these interrogatories to year-by-year salaries for the Department of Health Science from 2005 to the present. *See Clerk's Minutes (Doc. 209)* at 2. Defendant shall produce this information **by Thursday, May 13, 2010**.

### Interrogatories 19 and 21

Interrogatory 19 asks Defendant to: "Identify all MPH students at NMSU at any time since January 1, 2005 who began their field experience at one location and finished it at another," and Interrogatory 21 asks Defendant to: "Identify all graduate students about whom faculty members have complained, between January 1, 2005 and the present, to Student Judicial Services, concerning any aspect of the student's behavior." *Motion to Compel*, Exhibit 1 *(Doc. 183-1)* at 8 and 9. Defendant shall produce this information **by 5:00 p.m. Wednesday, May 19, 2010**.

### Interrogatory 8

Interrogatory 8 asks Defendant to: "Identify all persons who were admitted into any graduate program in the College of Health and Human Services between January 2, 2005 and the present who subsequently had that admission revoked as a result of a failure to verify prior academic

credentials." *Motion to Compel*, Exhibit 1 *(Doc. 183-1)* at 5.  Defendant objected to Interrogatory 8 on the grounds that it is unduly burdensome because it would require the review of approximately 1,500 applicant files.  *Id.*, Exhibit 1 *(Doc. 183-1)* at 6.  On the morning of May 12, 2010, the day of the hearing on this motion to compel, Defendant filed an affidavit from Michael Zimmerman, Registrar for New Mexico State University, which states that the request is unduly burdensome because the information is "not kept as a separate entry, file, notation, or database, but is included as a hard copy in each student's individual file per the State of New Mexico Records Retention Requirements."  *Affidavit of Michael R. Zimmerman (Doc. 208)* at 2, ¶ 5.  However, Mr. Zimmerman then states that "Plaintiff[]s Yelena Bird and John Moraros are the only two students to date who have failed or refused to verify prior academic credentials resulting in revocation of admission."  *Id.*, ¶ 7.  Defendant shall provide a letter to Plaintiffs **by Monday, May 17, 2010**, verifying whether Defendant's response to Interrogatory 8 is "Only Plaintiffs Bird and Moraros," and whether Mr. Zimmerman searched all of the graduate student files in the College of Health and Human Services to ascertain this answer.

Interrogatory 20

Interrogatory 20 asks Defendant to: "Identify all students at NMSU between January 1, 2005 and the present who, after having been granted in-state tuition, had that status revoked by the University."  *Motion to Compel*, Exhibit 1 *(Doc. 183-1)* at 8.  Defendant objected to this interrogatory stating that it is too burdensome because it would require the review of over 25,000 files.  *Id.*, Exhibit 1 *(Doc. 183-1)* at 9.  As discussed at the May 12, 2010 hearing, this request pertains to Plaintiff Cheteni's claims and, therefore, the relevant dates are 2005 to 2009 and the relevant records are those of international graduate students.  Defendant shall provide documents

responsive to Interrogatory 20, but limited to the dates January 1, 2005 through December 31, 2009, and only for international graduate students, **by Monday, May 24, 2010**.

### Interrogatory 23

Interrogatory 23 asks Defendant to provide additional information regarding 12 witnesses listed in Defendant's initial disclosures. ***Motion to Compel***, Exhibit 1 *(Doc. 183-1)* at 10. Defendant stated in its response to this interrogatory that the witnesses may not have specific information and that Defendant may amend its answer as it gathers information in the discovery process. *Id.* Plaintiffs state in their ***Motion to Compel*** that Defendant's disclosure of these witnesses does not comply with Fed. R. Civ. P. 26(a)(1)(A)(i), which requires disclosure of all subjects about which the listed individuals will testify so that the opposing party can determine what discovery may be needed and whether a deposition of the individual may be needed. Plaintiffs ask the Court to either compel Defendant to provide a more complete answer regarding what the witnesses will testify about, or require Defendant to strike those witnesses from its disclosures. ***Motion to Compel*** *(Doc. 183)* at 8. In its ***Response***, Defendant states that it has provided additional information to Plaintiffs about these witnesses and that two of the witnesses have already been deposed. ***Response*** *(Doc. 196)* at 2-3. The parties agreed to limit the witnesses' testimony as follows: (1) Defendant shall provide a letter to Plaintiffs **by Monday, May 24, 2010**, confirming that the testimony of Sue Forster-Cox and Michael Zimmerman will be limited to the subjects about which they testified at their depositions; (2) the testimony of Deanne Stewart, John Gustafson, Yvonne Tellez, Hugo Vilchis, and Darla Matthew will be limited to those subjects Defendant stated they will testify about in Defendant's ***Response*** *(Doc. 196)*, and in Defendant's "Supplemental Answers to Plaintiffs' First Interrogatories," attached as Exhibit 1 to Plaintiffs' ***Motion to Compel***

*(Doc. 183-1)* at 10-11; and (3) the remaining witnesses listed in Interrogatory 23 will not be called as witnesses at trial.

Sanctions

In their ***Reply*** *(Doc. 203)* Plaintiffs ask the Court to impose sanctions on Defendant for failing to adequately respond to certain interrogatories and requests for production.  First, Plaintiffs stated in their ***Motion to Compel*** that "Plaintiffs do not seek sanctions in this Motion," *(Doc. 183)* at 5.  Second, the Court will not grant a request raised in a reply because the opposing party has had no opportunity to respond.  Third, sanctions are not appropriate in this situation where Plaintiffs' ***Motion to Compel*** is being granted in part and the majority of Defendants' objections are justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii) (sanctions are not appropriate when a motion to compel is granted if "the opposing party's nondisclosure, response, or objection was substantially justified").  This request, therefore, is **DENIED**.

**IT IS THEREFORE ORDERED** that ***Plaintiffs' Motion to Compel Defendant Regents of New Mexico State University's Answers to Plaintiffs' First Interrogatories and Requests for Production*** *(Doc. 183)* is **GRANTED in part** and **DENIED in part** as follows:

1. Defendant shall produce information responsive to Interrogatories 2 and 5, limited to year-by-year salaries for the Department of Health Science from 2005 to the present, **by Thursday, May 13, 2010**;

2. Defendant shall produce information responsive to Interrogatories 19 and 21 **by 5:00 p.m. Wednesday, May 19, 2010**;

3. Defendant shall provide a letter to Plaintiffs **by Monday, May 17, 2010**, verifying whether Defendant's response to Interrogatory 8 is "Only Plaintiffs Bird and

Moraros," and whether Mr. Zimmerman searched all of the graduate student files in the College of Health and Human Services to ascertain this answer;

4. Defendant shall provide documents responsive to Interrogatory 20, but limited to the dates January 1, 2005 through December 31, 2009 and only for international graduate students, **by Monday, May 24, 2010**;

5. Defendant shall provide a letter to Plaintiffs **by Monday, May 24, 2010**, confirming that the testimony of Sue Forster-Cox and Michael Zimmerman will be limited to the subjects about which they testified at their depositions;

6. The testimony of Deanne Stewart, John Gustafson, Yvonne Tellez, Hugo Vilchis, and Darla Matthew will be limited to those subjects Defendant stated they will testify about in Defendant's *Response (Doc. 196)*, and in Defendant's Supplemental Answers to Plaintiffs' First Interrogatories, attached as Exhibit 1 to Plaintiffs' *Motion to Compel (Doc. 183-1)* at 10-11; and

7. The remaining witnesses listed in Interrogatory 23 will not be called as witnesses at trial.

**IT IS SO ORDERED.**

_Lourdes a. Martinez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**