IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**YELENA BIRD, et al.,**

        **Plaintiffs,**

v.                                     Civ. 08-0851 BB/LAM

**REGENTS OF NEW MEXICO STATE**
**UNIVERSITY, et al.**

        **Defendants.**

**<u>ORDER GRANTING IN PART *PLAINTIFFS' MOTION TO COMPEL DEFENDANT REGENTS OF NEW MEXICO STATE UNIVERSITY'S ANSWERS TO PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION AND FOR SANCTIONS (Doc. 187)*</u>**

**THIS MATTER** is before the Court on *Plaintiffs' Motion to Compel Defendant of New Mexico State University's Answers to Plaintiffs' Second Requests for Production and for Sanctions (Doc. 187)* (hereinafter "***Motion to Compel***"), filed April 20, 2010. Defendant Regents of New Mexico State University (hereinafter "Defendant") filed its response *(Doc. 197)* on May 3, 2010, and Plaintiffs filed their reply *(Doc. 204)* on May 11, 2010. The Court held an in-person hearing on the motion on May 12, 2010, at which counsel for both parties appeared. ***Clerk's Minutes*** *(Doc. 209)*.[1] Having considered the parties' submissions, the parties' statements at the hearing, and the relevant law, the Court **FINDS** that *Plaintiffs' Motion to Compel Defendant Regents of New Mexico State University's Answers to Plaintiffs' Second Requests for Production and for Sanctions (Doc. 187)* shall be **GRANTED in part** and **DENIED in part**.

---

[1]Counsel for Defendant Larry Olsen was present and stated at the hearing that she has no position on this motion. ***Clerk's Minutes*** *(Doc. 209)* at 1.

Requests for Production 20-50

Defendant objected to Plaintiffs' Requests for Production 20 through 50 because Defendant claim that they exceed 72 requests for production allowed by the Court pursuant to the Court's ***Order Granting in Part Defendants' Motion to Compel*** *(Doc. 165)*, wherein the Court ordered that the scheduling order in this case be amended to allow 72 requests for production to accommodate Defendant's discovery requests served on Plaintiffs.  ***Motion to Compel***, Exhibit 1 *(Doc. 187-1)* at 1-17.  Plaintiffs dispute that their requests for production exceed the number allowed by the Court.  ***Motion to Compel*** *(Doc. 187)* at 2-3.  Because there is no limit in either the federal rules nor the Court's local rules, the Court will compel Defendant to respond to Plaintiffs' Requests for Production 20 through 50 (as limited below), and will amend the scheduling order to remove any limitation on the number of requests for production.

Requests for Production 22-26

Requests for Production 22 through 26 ask for copies of home, office and cell phone records from June 1, 2007 through May 31, 2009 and from January 15, 2008 through May 31, 2009 of Defendants Robinson and Martin and Gallagher, respectively.  ***Motion to Compel***, Exhibit 1 *(Doc. 187-1)* at 2-5.  In addition to objecting to these requests as exceeding the number allowed by the Court, Defendant also objected on the basis that the requests are overly broad, would require the disclosure of information that would violate the Defendants' right of privacy, and that the production of the records would not lead to discoverable evidence.  *Id.*  Plaintiffs state in their ***Motion to Compel*** that the parties' confidentiality order covers the right of privacy issue, and that the records are relevant because they may show collusion between the Defendants regarding incidents related to the issues in this case.  ***Motion to Compel*** *(Doc. 187)* at 4-5.  At the hearing, counsel for Plaintiffs elaborated further on the specific incidences for which the phone records could be used to show

collusion.  In addition, Plaintiffs contend that because the Court granted Defendants' motion to compel Plaintiffs' phone records because they could lead to discoverable evidence regarding whether Plaintiffs were seeking outside employment, were trying to conform their testimony during an investigation, and Plaintiff Buckingham's alleged attempts to lead actions against Defendant Robinson, that Plaintiffs should be allowed to get Defendant's phone records as well.  *Id.* at 5.

In its ***Response***, Defendant states that Defendant's motion to compel was supported by information that Plaintiffs' phone records could show that Plaintiffs engaged in certain actions related to issues in this case and, thereby, Plaintiffs' phone records may lead to the discovery of admissible evidence.  ***Response*** *(Doc. 197)* at 5.   Defendant also states that two years worth of phone records is considerably longer than the six months that were allowed by the Court pursuant to Defendants' motion to compel.  *Id.*  Plaintiffs state in their ***Reply*** that Defendant Martin's phone records could show that he colluded with others to have charges brought against Plaintiff Buckingham (***Reply*** *(Doc. 204)* at 9), and that Plaintiffs have offered to limit the time period of the requested phone records (*Id.*, Exhibit 6 *(Doc. 204-1)* at 1).

The Court finds that Plaintiffs, with the additional statements provided at the hearing, have demonstrated the relevance for a limited amount of phone records which may show collusion between the Defendants regarding incidents related to issues in this case.  *See* Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").  Even though Plaintiffs' requests may result in inadmissible information, Rule 26 allows for broad discovery of any matter that is not privileged as long as it is relevant to a claim or defense of a party.  *Id.*  The requested phone records will show the phone numbers called, the dates and times of the calls, the length of the calls, and how many calls were made, which may lead to the discovery of admissible evidence

3

regarding those phone conversations.  The Court, therefore, will order Defendant to provide the following phone records: (1) Defendant Martin's University and cell phone records (from the University's and/or his chosen cell phone service provider) for July 2008; (2) Defendant Robinson's University and cell phone records  (from the University's and/or his chosen cell phone service provider) from August 2007 through November 2007, November 15, 2008 through January 31, 2009, and April 2008; and (3) Defendant Gallagher's University and cell phone records from March through May 2008.  Defendant shall subpoena the phone records by **Monday, May 24, 2010**, and the parties shall work with the service providers to request an expedited production of the records, taking no longer than six weeks.  Further, Defendant will provide status reports to Plaintiffs regarding this request.

## Sanctions

Plaintiffs ask the Court to impose sanctions on Defendant, stating that Defendant's objections to Plaintiffs' requests for production were not made in good faith, were proffered fro purposes of delay, and are "highly spurious" because Defendant's objections are not consistent with their arguments made in support of their previous motion to compel.  *See **Motion to Compel** (Doc. 187)* at 3-5.  Sanctions are appropriate when a motion to compel is granted, unless "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).  The Court finds that Defendant's objections are justified because Plaintiffs' requests can arguably be read to exceed the number of requests allowed by the Court, and because it is Plaintiffs' burden to establish that the phone records are relevant, regardless of the Court's previous ruling regarding other records, and Plaintiffs only did so in part.  For these reasons, the Court denies Plaintiffs' request for sanctions.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion to Compel Defendant Regents of New Mexico State University's Answers to Plaintiffs' Second Requests for Production and for Sanctions (Doc. 187)* is **GRANTED in part** and **DENIED in part** as follows:

1. Defendant shall produce information responsive to Requests for Production 20 through 50 (as limited below) **by Thursday, May 27, 2010**;

2. Defendant shall subpoena the following phone records by **Monday, May 24, 2010**:

   A. Defendant Martin's University and cell phone records (from the University's and/or his chosen cell phone service provider) for *July 2008*;

   B. Defendant Robinson's University and cell phone records (from the University's and/or his chosen cell phone service provider) for *August 2007 through November 2007*, *November 15, 2008 through January 31, 2009*, and *April 2008*; and

   C. Defendant Gallagher's University and cell phone records from *March through May 2008*;

3. The parties shall work with the cell phone service providers to request an expedited production of the records, taking no longer than six weeks;

4. Defendant will provide status reports to Plaintiffs regarding production of the phone records; and

5. The *Order Adopting Joint Status Report (Doc. 117)* is hereby amended to remove any limitation on the number of requests for production contained therein.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**