## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**YELENA BIRD, et al.,**

**Plaintiffs,**

**v.**                                                                          **Civ. 08-0851 BB/LAM**

**REGENTS OF NEW MEXICO STATE
UNIVERSITY, et al.**

**Defendants.**

### ORDER DENYING *PLAINTIFF FREEDOM CHETENI'S MOTION FOR PROTECTIVE ORDER (Doc. 202)*

**THIS MATTER** is before the Court on *Plaintiff Freedom Cheteni's Motion for Protective Order (Doc. 202)* (hereinafter "*Motion*"), filed May 6, 2010.  Defendant New Mexico State University (hereinafter "*NMSU*"), filed its response on May 21, 2010 (*Document 213*) (hereinafter "*Response*"), and on June 2, 2010, Mr. Cheteni filed his reply (*Document 228*) (hereinafter "*Reply*").  Having considered the motion, response, reply, relevant law, and the record of this case, the Court **FINDS** that *Plaintiff Freedom Cheteni's Motion for Protective Order (Doc. 202)* shall be **DENIED**.

Mr. Cheteni moves for a protective order under Fed. R. Civ. P. 26(c) "relieving him from answering any deposition questions regarding matters that arose on February 24, 2009 during the Court-conducted mediation relating to his Motion for Emergency Injunctive Relief."  *Motion (Doc. 202)* at 1.  Mr. Cheteni filed his *Motion for Emergency Injunctive Relief (Doc. 25)* in February 2009, wherein, among other things, he asked the Court to enjoin New Mexico State University from refusing to allow him to enroll as an in-state student.  *Document 25* at 1.  That motion was referred to the undersigned by the presiding judge in this case (*see Document 26*), and

was set for a hearing on February 24, 2009.  The day of the hearing, the undersigned "held a status

conference with counsel for both sides" to discuss several issues, and the undersigned and the parties

then engaged in a "lengthy discussion of various issues involved in the motion and negotiation of

several options," after which the parties reached an agreement regarding Mr. Cheteni's *Motion for*

*Emergency Injunctive Relief (Doc. 25).  See **Clerk's Minutes** (Doc. 50)* at 1-2.  As part of the

negotiations that day, the undersigned, along with Mr. Cheteni and his counsel, engaged in phone

calls with several immigration authorities, who are not parties to this suit, regarding the issues

involved in the *Motion for Emergency Injunctive Relief (Doc. 25).*  Mr. Cheteni states in his

motion now before the Court that during his May 3, 2010 deposition, counsel for NMSU "sought

to question Plaintiff Cheteni on what transpired during the private conference with the Court on

February 24, 2009," and that Mr. Cheteni's counsel "objected on the grounds that the information

sought related to a confidential mediation proceeding and instructed [Mr. Cheteni] not to answer."

*Motion (Doc. 202)* at 2-3.  Mr. Cheteni asks the Court to enter an order "relieving him from any

obligation to answer deposition questions relating to matters that transpired during that private

conference with the Court on February 24, 2009."  *Id.* at 3.  Mr. Cheteni cites to the Alternative

Dispute Resolution Act, Local Rule 16.2(e), and cases discussing a "federal mediation privilege"

as support for his motion.  *Id.* at 3-5.

   In response, NMSU states that Mr. Cheteni "mischaracterizes the nature of the information

that was sought in deposition."  *Response (Doc. 213)* at 1 (citing the relevant portion of the

deposition transcript at *Response*, Exhibit A *(Doc. 213-1)* at 2-3 (deposition page 312, Line 17

through deposition page 314, Line 8)).  NMSU contends that a telephone conference with a third

party during a settlement conference does not fall under the scope of Fed. R. Evid. 408, and that

such discussions may be discoverable and admissible under certain circumstances.  *Response*

*(Doc. 213)*.  In his **Reply**, Mr. Cheteni states that NMSU's failure to respond to Plaintiff's arguments regarding the Alternative Dispute Resolution Act, the local rules, or the federal mediation privilege, "constitutes consent to grant the motion as to those points."  **Reply** *(Doc. 228)* at 2.

The Court first notes that the relief requested by Plaintiff is not relief that a court normally grants with a protective order under Fed. R. Civ. P. 26(c).  Rule 26(c) states that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," none of which Plaintiff claims he is facing here.  Instead, Plaintiff asks the Court to protect him from answering deposition questions that he claims involve privileged information; however, Plaintiff's deposition appears to be concluded and the discovery period in this case has ended.  The Court, therefore, is perplexed as to why Plaintiff is asking for relief from answering deposition questions that have already been asked, especially because NMSU has not filed a motion to reopen his deposition or to compel his answers to these questions.  Nevertheless, in case there is an upcoming deposition of Mr. Cheteni of which the Court is unaware, and because the decision to issue a protective order is in the discretion of the Court, the Court will consider Plaintiff's motion. *See Boughton v. Cotter Corp.*, 65 F.3d 823, 829-30 (10th Cir. 1995).  However, to the extent the parties are arguing about the *admissibility* of any evidence in this case, as explained more fully below, a motion for a protective order under Fed. R. Civ. P. 26(c) is not the proper process by which to accomplish that, and the Court's order on this motion should not be construed as an order either allowing or disallowing the admission of any evidence at trial, as that decision properly rests within the discretion of the presiding judge.

In addition, the Court notes that counsel for Mr. Cheteni did not attach a copy of the relevant portion of the deposition transcript to the motion, which is a violation of D.N.M. LR-Civ. 37.1(a) ("A party seeking relief pursuant to Fed. R. Civ. P. 26(c) or 37(a) must attach to the motion a copy

of[] the . . . relevant portion of deposition transcript.").  In the interests of judicial economy, the

Court will rule on this motion without requiring Mr. Cheteni's counsel to supplement their motion

because NMSU attached the relevant portion of the deposition transcript to its response.

From the information before the Court, it appears that on May 3, 2010, counsel for NMSU

asked Mr. Cheteni about the discussions with immigration authorities on February 24, 2009.  *See*

***Response***, Exhibit A *(Doc. 213-1)* at 2-3 (deposition page 312, Line 17 through deposition page 314,

Line 8).   Mr. Cheteni's counsel instructed him not to answer questions about those discussions,

stating that "since it was part of a mediation effort, it is not properly a part of discovery in this case."

*Id.* at 2 (deposition page 313, Lines 1-9).  "Parties may obtain discovery regarding any nonprivileged

matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b).  Neither party disputes

that the information regarding Mr. Cheteni's asylum petition is relevant to Mr. Cheteni's claims

against NMSU.[1]  The issue before the Court, then, is whether information related to the discussions

with the immigration authorities is subject to a protective order under Fed. R. Civ. P. 26(c).

To begin with, the Court notes that, while counsel for NMSU was not present for the

discussions with the immigration authorities, counsel for Mr. Cheteni at no time identified the

discussions as confidential, nor did the Court exclude defense counsel from the discussions.

According to the undersigned's recollection, defense counsel chose not to be present when the calls

were made.  After the phone calls were made, the Court conferred with Plaintiff's counsel and, with

their consent, the information learned during the calls was disclosed to defense counsel when all

parties reconvened together.  For these reasons, it appears that the information learned from the

---

[1]The Court notes that NMSU has filed a motion for summary judgment on Mr. Cheteni's claims associated with his motion for emergency injunctive relief, that is currently pending before the presiding judge in this case. *Document 215*.  At this point, those claims are still part of this case and, therefore, information regarding those claims is relevant.

immigration authorities is not confidential and, moreover, has already been disclosed to and is already known by NMSU's counsel.  Nevertheless, even if the Court assumes that the parties were engaging in settlement negotiations and NMSU is seeking additional information that may have been learned during those negotiations, none of the statutes, rules, or cases cited by Plaintiff precludes discovery of such information.

Plaintiff relies on the Alternative Dispute Resolution Act, 28 U.S.C. § 652(d), which states that "each district court shall, by local rule . . . provide for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications."  The local rule that sets forth the process for protecting confidential dispute resolution communications is D.N.M. LR-Civ. 16.2(e), which states in full:

> Evidence of settlement offers made, and of statements made, at the settlement conference, regardless of whether made in written, oral or graphic form, will be inadmissible as provided in Fed. R. Evid. 408. Statements which are made by any party to the Judge who is conducting the settlement conference, and which are identified by that party as confidential, will not be disclosed by the Judge to any other party. The Judge who is conducting the settlement conference may not reveal to the trial Judge any information about offers made, or about statements made, by any party at the settlement conference, other than whether the case was or was not settled.

This rule, therefore, disallows the following: (1) the *admission* of settlement offers and statements made at a settlement conference, pursuant to Fed. R. Evid. 408; (2) the disclosure *by the Judge who is conducting the settlement conference* of statements which are *identified as confidential*; and (3) the disclosure *by the judge who is conducting the settlement conference to the trial judge* of any information about offers, or about statements made at the settlement conference.  Counsel for Mr. Cheteni misstates Local Rule 16.2(e) by claiming that it prohibits statements made by a party to the judge conducting the settlement conference which are identified as confidential, when the rule

actually states that such statements cannot be disclosed *by the judge*.   Nowhere does Local

Rule 16.2(e), the Alternative Dispute Resolution Act, or Fed. R. Evid. 408, state that a party is

precluded from attempting to discover information discussed at a settlement or mediation.  *See, e.g.,*

*Manchester v. Unibridge Systems, Inc.*, No. CIV-07-134-R, 2008 WL 824294, at *1-2 (W.D. Okla.

March 25, 2008) (unpublished) (granting a motion to compel testimony regarding discussions with

a third party during a settlement negotiation, and explaining that Fed. R. Evid. 408 does not protect

such relevant information nor is the information subject to any privilege, despite a strong public

policy in favor of the settlement of litigation).

     In addition, Mr. Cheteni's counsel claims that "information from mediations is generally

treated as covered by a privilege and, therefore, not subject to discovery," and cites to several district

court cases which are not binding on this Court.  ***Motion** (Doc. 202)* at 4.  First, the parties have

cited no Tenth Circuit authority on the "mediation privilege" and the Court has not found any such

authority.  *See Heartland Surgical Specialty Hospital, LLC v. Midwest Division, Inc.*,

No. 05-2164-MLB-DWB, 2007 WL 1246216, at *4 (D. Kan. April 27, 2007) ("Absent direction

from the Tenth Circuit, this court will not imply the existence of a federal settlement privilege under

either Fed. R. Evid. 408 or under Fed. R. Evid. 501.").  Second, while some courts have recognized

a mediation privilege, other courts have rejected it, noting that Fed. R. Evid. 408 precludes only the

admissibility of settlement negotiations, not the discoverability of such evidence.  *See, e.g.,*

*Matsushita Elec. Industrial Co., Ltd. v. Mediatek, Inc.*, No. C-05-3148 MMC (JCS),

2007 WL 963975, at *3 (N.D. Cal. Mar. 30, 2007) ("The inescapable conclusion is that a privilege

against disclosure cannot be found in Rule 408.  To the contrary, because the Rule anticipates that

settlement negotiations may be admissible, a privilege against their discovery would be inconsistent

with Rule 26. . . . [I]t is obvious that Rule 408 permits, rather than forbids, the disclosure of

compromise negotiations . . . ."). Indeed, if the Court were to follow Mr. Cheteni's argument to its logical conclusion, a party could bring up every issue at a settlement conference and when the case does not result in settlement, the party could preclude the opposing party from discovering relevant information crucial to a claim or defense by merely claiming a "settlement privilege." Such an untenuous assertion flies in the face of open and fair discovery embodied in Rule 26.

Because the information regarding Mr. Cheteni's asylum petition is relevant to his currently pending claims, and Mr. Cheteni has presented no persuasive argument for finding that the information is confidential, the Court finds no reason to issue a protective order relieving Mr. Cheteni from answering deposition questions regarding such information. In addition, rather than face yet another round of motions from the parties regarding whether Mr. Cheteni's deposition should be reopened, and because Plaintiff's motion was filed before the close of discovery, the Court further orders that Mr. Cheteni's deposition may be reopened if NMSU so desires, for the limited purpose of allowing questions regarding Mr. Cheteni's asylum petition, such as the names and phone numbers of the immigration authorities called on February 24, 2009 and the information that was disclosed by them. *See* Fed. R. Civ. P. 26(c)(2) ("If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.").

**IT IS THEREFORE ORDERED** that *Plaintiff Freedom Cheteni's Motion for Protective Order (Doc. 202)* is **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Cheteni's deposition may be reopened if NMSU so chooses to pursue the questions regarding information relating to Mr. Cheteni's asylum petition and discussions with immigration authorities.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**