IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**YELENA BIRD, et al.,**

      **Plaintiffs,**

**v.**                                                       Civ. 08-0851 BB/LAM

**REGENTS OF NEW MEXICO STATE**
**UNIVERSITY, et al.**

      **Defendants.**

### ORDER GRANTING DEFENDANTS' *MOTION TO POSTPONE SETTLEMENT CONFERENCE CONCERNING CLAIMS OF DR. SATYA RAO*

**THIS MATTER** is before the Court on Defendants Regents of New Mexico State University, James Robinson, Michael Martin, and Robert Gallagher's (hereinafter "Defendants") *Motion to Postpone Settlement Conference Concerning Claims of Dr. Satya Rao (Doc. 327)*, filed November 18, 2010. Plaintiffs' response was filed November 29, 2010 (*Doc. 329*), and Defendants' reply was filed November 30, 2010 (*Doc. 331*). The Court held a hearing on the motion on December 1, 2010, at which counsel for all parties appeared. Having considered the motion, response, reply, the record in this case, and relevant legal authority, the Court **FINDS** that the motion is well-taken and should be **GRANTED**.

Defendants ask the Court to vacate Dr. Rao's second settlement conference, currently set for December 10, 2010, and reschedule it after the conclusion of the other Plaintiffs' settlement conferences and after the Court rules on Defendants' pending motion for summary judgment pertaining to Dr. Rao's claims. (*Document 327* at 1.) Plaintiffs oppose the motion, stating that "Defendants have made no efforts to negotiate Dr. Rao's claims further since the initial settlement conference on September 13, 2010" *(Doc. 329* at 2), and that Plaintiff Rao should be provided with

an opportunity to settle with Defendants *(Doc. 329* at 3). In reply, Defendants state that they asked counsel for Plaintiffs to set forth a meaningful settlement proposal for the parties to discuss without the need for a further settlement conference, and that counsel for Plaintiffs have not done so. (*Document 331* at 1 and Exhibit A).

Pursuant to this Court's local rules, parties are required to participate in a settlement conference. *See* D. N.M. LR-Civ. 16.2(a) ("In every [non-exempt] civil case the parties must participate in a settlement conference with a Judge unless otherwise ordered by the Court."). The undersigned held a full-day settlement conference with Dr. Rao and Defendants on September 13, 2010, at which a settlement was not reached. *See* Clerk's Minutes *(Doc. 313)*. The Court is unaware of any authority, and the parties cite to none, that would require Defendants to participate in a second settlement conference if they are unwilling to do so. The Court may not coerce settlement. *Kothe v. Smith*, 771 F.2d 667, 669 (2nd Cir. 1985); *see also* Fed. R. Civ. P. 16, Advisory Committee Notes (1983) ("it is not the purpose of Rule 16[] to impose settlement negotiations on unwilling litigants"), and Advisory Committee Notes (1993) ("the unwillingness of a party to be available . . . for a settlement conference may be a clear signal that the time and expense involved in pursuing settlement is likely to be unproductive and that personal participation by the parties should not be required"). Moreover, Defendants are not stating that they are unwilling to participate in a second settlement conference with Dr. Rao; instead, they are merely asking the Court to hold any such settlement conference at a later date. The Court finds that because Defendants meaningfully participated in the September 13, 2010, settlement conference on Dr. Rao's claims, there is no reason to require them to participate in a second settlement conference when they would prefer not to. The Court will, therefore, grant Defendants' motion to postpone the December 10, 2010 settlement conference until a later date. The Court, meanwhile, encourages the

parties to engage in settlement negotiations outside the formal settlement conference process.  In addition, the Court cautions all parties in this case to refrain from discussing settlement offers and counteroffers in documents filed with the Court because doing so may be a breach of the Confidentiality Agreement that was signed by all parties at the September 28, 2010, settlement conference *(Doc. 316)*.  If the need arises to file a motion regarding matters raised or discussed in settlement negotiations, the better practice is to file a general motion indicating that a dispute has arisen regarding settlement and submitting the specific information to the undersigned for an *in camera* review, with copies of same to opposing counsel.

     **IT IS THEREFORE ORDERED** that Defendants' *Motion to Postpone Settlement Conference Concerning Claims of Dr. Satya Rao (Doc. 327)* is **GRANTED** and Dr. Rao's settlement conference will be vacated and re-set *at the parties' request* after the other Plaintiffs' settlement conferences have taken place and Defendants' motion for summary judgment relating to Dr. Rao's claims has been ruled on.

     **IT IS SO ORDERED.**

                               */s/ Lourdes A. Martínez*
                               **LOURDES A. MARTÍNEZ**
                               **UNITED STATES MAGISTRATE JUDGE**