IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YELENA BIRD, ROBERT BUCKINGHAM,
FREEDOM CHETENI, JOHN MORAROS
and  SATYA RAO,

                Plaintiffs,

vs.                                                                                                            No. CIV 08-851 BB/LAM

REGENTS OF NEW MEXICO STATE UNIVERSITY,
LARRY OLSEN, in his individual capacity,
JAMES ROBINSON, in his individual capacity,
MICHAEL MARTIN, in his individual capacity, and
ROBERT GALLAGHER, in his individual capacity,

                Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Leave to Amend the Complaint (Doc. No. 190, filed April 21, 2010).  For the reasons stated below, the Court will **GRANT** Plaintiffs' Motion.  Parties with currently pending motions shall, within 10 days of entry of this Order, file a notice indicating whether, as a consequence of the Court allowing Plaintiffs to file a Fourth Amended Complaint, they wish to file revised motions.

Plaintiffs seek to amend their Third Amended Complaint to add Michael Zimmerman as a defendant.  "The court should freely give leave [to amend] when justice so requires."  FED. R. CIV. P. 15(a)(2).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).

The Court finds no undue delay in Plaintiffs' seeking leave to amend their complaint.

Plaintiffs requested to take Zimmerman's deposition on January 13, 2010, prior to filing their Third Amended Complaint (Doc. No. 171) on March 5, 2010 but were not able to schedule his deposition until April 8, 2010.  (Motion at 5).  Although Zimmerman was disclosed as a fact witness in December 2008, Plaintiffs contend that they could not determine that Zimmerman was a proper defendant until they took his deposition.  (*Id.*).  During his deposition, Zimmerman indicated that it was his decision alone to revoke Plaintiff Cheteni's in-state residency status, thereby affecting Cheteni's tuition rates, and to require new documentation from Plaintiff Cheteni regarding his asylum petition.  (*Id.* at 3).  Plaintiffs contend that Zimmerman's actions, disclosed for the first time at his deposition, "led proximately to Mr. Cheteni's incarceration for an extended period," thereby making Zimmerman a proper defendant.  (*Id.*).  Plaintiffs filed their Motion to Amend on April 21, 2010, within two weeks of Zimmerman's deposition.

Defendants suggest they will be prejudiced because "adding Mr. Zimmerman will require the re-opening of discovery, depositions or the re-deposing of Plaintiffs, and extending the dispositive motions deadline."  (Response at 3, Doc. No. 201, filed May 5, 2010).  Plaintiffs argue that they advised Defendants of Plaintiffs' intention to add Zimmerman as a defendant several days after Zimmerman's deposition at which time Defendants had approximately two months remaining in the discovery period to conduct additional discovery but did not do so.  (Reply at 5, Doc. No. 218, filed May 24, 2010).  Plaintiffs also argue that Defendants deposed Plaintiff Cheteni after Plaintiffs filed their Motion to Amend and, because the allegations against Zimmerman are limited to Plaintiff Cheteni, there is no basis to re-depose any of the other Plaintiffs.  (*Id.*).  Defendants do not assert bad faith or futility of amendment in their Response opposing the Motion to Amend.

Because there is no showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

amendment, the Court will grant Plaintiffs leave to file their Fourth Amended Complaint.

The Fourth Amended Complaint appears to be identical to the Third Amended Complaint except for the following:

1. The Fourth Amended Complaint adds Michael Zimmerman as a defendant (Doc. No. 190-1 ¶ 11 at 3);

2. Paragraphs 113-114 in the Fourth Amended Complaint (Doc. No. 190-1 at 26-27), which are factual allegations relating to Michael Zimmerman, replace Paragraph 112 in the Third Amended Complaint (Doc. No. 171 at 26); and

3. The Fourth Amended Complaint adds a new paragraph to Count II regarding Michael Zimmerman (Doc. No. 190-1 ¶ 157 at 38).[1]

There are several pending motions for summary judgment relating to the claims in the Third Amended Complaint. The Third Amended Complaint will have no legal effect upon the filing of the Fourth Amended Complaint. *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir.1991) (An amended complaint supersedes the original complaint and renders the original complaint of no legal effect).

In cases where there are pending motions related to a superseded complaint, the Court may deny the motions as moot and allow the movants to file revised motions relating to the claims in the amended complaint. In this case, the relatively minor amendments in the Fourth Amended Complaint may not affect the pending motions for summary judgment or the responses to those motions. If the parties determine that no revisions to the motions and briefs are necessary, then denying the motions as moot and having the parties refile their motions and briefs will needlessly delay the Court's resolution of the motions.

The parties shall, within ten days of entry of this Order, file notices indicating whether they

---

[1] The paragraphs in Count II of the Third Amended Complaint are misnumbered with paragraph 151 being followed by paragraphs 147, 148, etc.

wish to file revised motions and briefs or prefer that the Court rules on the pending motions and briefs as currently filed.

**IT IS SO ORDERED.**

_____
**BRUCE D. BLACK**
**CHIEF UNITED STATES DISTRICT JUDGE**