IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YELENA BIRD, ROBERT BUCKINGHAM,
FREEDOM CHETENI, JOHN MORAROS
and  SATYA RAO,

               Plaintiffs,

vs.                                        No. CIV 08-851 BB/LAM

REGENTS OF NEW MEXICO STATE UNIVERSITY,
LARRY OLSEN, in his individual capacity,
JAMES ROBINSON, in his individual capacity,
MICHAEL MARTIN, in his individual capacity, and
ROBERT GALLAGHER, in his individual capacity,

               Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Strike Affidavits of Kathy Agnew, Jay Jordan, and James Robinson and for Sanctions (Doc. No. 267, filed July 1, 2010).  For the reasons stated below, the Motion will be **GRANTED in part** and **DENIED in part**.  Defendants' Motion for Summary Judgment on Dr. Satya Rao's Promotion to Full Professor Claim (Doc. No. 244, filed June 14, 2010) will be **DENIED without prejudice**.

**Agnew Affidavit**

Plaintiffs seek to strike the affidavit of Kathy Agnew because Agnew was never disclosed as a person on whom Defendants may rely in support of their defenses as required by Fed. R. Civ. P. 26.  (Motion at 1).  The Agnew affidavit is attached to Defendants' memorandum (Doc. 243, filed June 15, 2010) in support of their motion (Doc. No. 240, filed June 15, 2010) for summary judgment regarding Plaintiff Buckingham's claims.  (*See* Motion at 1, n.1).  Because the Court denied

Defendants' motion for summary judgment regarding Plaintiff Buckingham's claims as moot following settlement (*see* Order, Doc. No. 341, filed January 5, 2011), the Court will deny as moot Plaintiffs' motion to strike Agnew's affidavit.

**Jordan Affidavit**

Plaintiffs seek to strike the affidavit of Jay Jordan because Jordan was never disclosed as a person on whom Defendants may rely in support of their defenses as required by Fed. R. Civ. P. 26. (Motion at 1). Defendants admit that they did not disclose Jordan prior to the discovery deadline, stating that the untimely disclosure was an oversight. (Response at 5).

Rule 26(a)(1)(A) requires a party to disclose each individual likely to have discoverable information and the subject of that information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) [which govern initial disclosures and required supplements thereof] shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (district court has broad discretion in determining whether a Rule 26(a) violation is harmless). When determining whether a Rule 26(a) violation is harmless, courts should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

Defendants filed Jordan's affidavit in support of their Motion for Summary Judgment on Dr. Satya Rao's Promotion to Full Professor Claim (Doc. No. 244, filed June 14, 2010). Plaintiffs argue

that Defendants' failure to disclose Jordan prior to the discovery deadline prejudices Plaintiffs because Plaintiffs had no opportunity to depose Jordan before responding to the motion for summary judgment.  (Motion at 4).  Defendants state that they would arrange for Plaintiffs to depose Jordan prior to responding to Defendants' motion for summary judgment.  (Response at 5).  This case has not yet been set for trial.  (*See* Pretrial Order at 42, Doc. No. 321, filed October 1, 2010).

The Court will deny Plaintiffs' Motion to strike Jordan's affidavit and will reopen discovery to allow Plaintiffs to depose Jordan.  The Court will deny without prejudice Defendants' Motion for Summary Judgment on Dr. Satya Rao's Promotion to Full Professor Claim (Doc. No. 244, filed June 14, 2010).  Defendants may renew their motion or file a new motion for summary judgment on Rao's claims after Plaintiffs depose Jordan.  *See Woodworker's Supply*, 170 F.3d at 993-994 (district court did not abuse its discretion in allowing testimony where district court gave party opportunity to cure any prejudice resulting from its failure to disclose).

**Robinson Affidavit**

Defendants filed the Affidavit of Defendant James Robinson (Doc. No. 250, filed June 14, 2010) in support of their motion for summary judgment (Doc. No. 246, filed June 14, 2010).  Plaintiffs seek to strike the affidavit of James Robinson contending it contains material contradictions to his sworn deposition testimony and is a sham affidavit.  (Motion at 1-2).

"An affidavit submitted on a summary judgment motion which conflicts with the affiant's earlier sworn testimony is not automatically disregarded."  *Hollins v. Delta Airlines*, 238 F.3d 1255, 1259 n.1 (10th Cir. 2001).  "Before disregarding an affiant's conflicting affidavit, a district court judge must determine whether, as an evidentiary matter, the affidavit was submitted in order to create a 'sham fact issue.'"  *Id.*  "Factors relevant to the existence of a sham fact issue include whether the

3

affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain." *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986).

The first statement which Plaintiffs contend contradict Robinson's deposition testimony reads:

> Upon Drs. Bird and Moraros' return from their presentation in Washington, D.C., they had to submit to me their reimbursement expenses for approval. Dr. Moraros submitted reimbursement vouchers for the same cab ride twice, once for himself and once for his wife. I informed him that I was going to pay only one cab fare, and not both. I was also concerned that the amount of the cab fare was inflated, since in 2007 Washington, D.C. was zoned for standard rate cab fares, and a zone 1 cab fare was only $5.50, and they were each asking for $35.00 reimbursement. I eventually reimbursed only one cab fare in the full amount that they were requesting.

(Doc. No. 250 ¶ 12 at 4, filed June 14, 2010) ("Robinson Affidavit"). Plaintiffs contend that Robinson never testified that the submission of the receipts was fraudulent and cite to his deposition testimony where he states that he was not saying the fare was not an actual expense, only that it was extravagant because it was a $35 "carriage fare" when a taxi fare would have been only $5.50. (Motion at 9). Paragraph 12 of Robinson's affidavit does not state that the $35.00 fare is fraudulent. Robinson's deposition testimony clearly reflects that he was concerned about the amount of the carriage fare when a less expensive taxi fare was available. (Robinson Deposition at 151:5-23, Doc. No. 267-1). Paragraph 12 of Robinson's affidavit does not contradict his deposition testimony. The Court will not strike Paragraph 12.

The second statement which Plaintiffs contend contradicts Robinson's deposition testimony reads:

4

> Following Drs. Bird and Moraros' return I received another written complaint from
> I.C.T. that Dr. Moraros had gotten confrontational with a staff member who was
> working on Dr. Bird's computer and had actually chest bumped him, and was yelling
> at him in front of another student worker.

(Robinson Affidavit ¶ 13).  At his deposition, Robinson testified that the confrontation "escalated

into an argument that almost became physical."  (Robinson Deposition at 93:2-3).  Robinson also

testified that he found out about the confrontation when "somebody from the college told me about

it . . . because I wasn't in the building at the time."  (*Id.* at 93:7-9).  Both his affidavit and deposition

make clear that Robinson did not observe the confrontation but merely received a report of the

confrontation.  Whether Moraros actually chest bumped the staff member is not material to this

allegation.  *See* Fed. R. Civ. P. 56(c)(4) (affidavit used to support a motion must be made on personal

knowledge); *Argo v. Blue Shield and Blue Cross of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir.

2006) (an allegation in an affidavit is inadmissible if the witness could not have actually perceived

or observed that which he testifies to).  The Court will not strike the allegation that Robinson

received a report of the confrontation but will not consider the phrase that Moraros "had actually

chest bumped him" as a fact in support of Defendants' motion for summary judgment.

The third statement which Plaintiffs contend contradicts Robinson's deposition testimony

reads:

> After meeting with Dr. Moraros about the I.C.T. incident I went to I.C.T. and met
> again with the I.C.T. supervisor and the student who witnessed the entire event, who
> confirmed the I.C.T. employee's account of the events.

(Robinson Affidavit ¶ 14).  Plaintiffs contend, Defendants do not dispute, and the Court agrees that

Robinson's deposition shows that Robinson met with I.C.T. only once and before he met with

Moraros.  (*See* Motion at 10; Response at 7; Robinson Deposition 93:11-23 and 94:11-95:18, Doc.

No. 267-1 at 2-3).   The Court will strike from Paragraph 14 the phrase "After meeting with Dr. Moraros about the I.C.T. incident" and the word "again."

In Paragraph 15 of his affidavit, Robinson states that in "mid- to late-November, Dr. John Moraros approached me with two reimbursement vouchers."   In his deposition, Robinson stated that his secretary brought the reimbursement requests to him in "late October, early November." (Robinson Deposition 102:14 - 103:3).   Plaintiffs contend that the timing is important and the timing in Robinson's deposition is consistent with Plaintiff Moraros' account of the timing occurring in October.   (*See* Motion at 10-11).   Defendants state that Robinson is not arguing that he had "just warned Moraros in late November," only that "at some point in October or November Plaintiff Moraros was told that they could not both be reimbursed."   (Response at 7).   The Court will substitute "late October, early November" for "mid- to late-November."

The final affidavit statement which Plaintiffs contend contradicts Robinson's deposition testimony reads:

> Following this explanation by Plaintiffs and the meeting with Brenda Shannon, Dean Brandon and I conferred with Dr. Waded Cruzado, and pointed out the concerns I had, and presented a written statement of those concerns which also included issues regarding their methodology of accreditation of authors on articles they either published or proposed to publish.   My concern was that they were listing individuals on the authorship line who had really not contributed to the papers as written.

(Robinson Affidavit ¶ 18).   Plaintiffs contend that at his deposition Robinson did not characterize this issue as a "concern" and testified that it was merely included in his memorandum as "backup" and that "it really wasn't part of the basis for the decision."   (Response at 11).   Plaintiffs also point out that at his deposition Robinson testified that he could not name a single article where anyone's name was improperly attached by Moraros or Bird.   (*Id.*).   Plaintiffs seek to strike Paragraph 18

6

because it "makes it appear as a fact that Bird and Moraros were engaging in an academic impropriety when he admitted in his deposition that he had no information to support that contention." (*Id.*). Although Robinson did not use the word "concern" in his deposition, the context of his testimony on pages 96-99 (Doc. 267-1, filed July 1, 2010) showed that he was concerned, based on statements from others, that Moraros and Bird improperly added the names of graduate students and faculty members to the author line on articles even though those persons made no contribution to the papers. Because it does not contradict his deposition testimony, the Court will not strike Paragraph 18 of Robinson's affidavit

**Sanctions**

Plaintiffs argue the Defendants should be sanctioned pursuant to Rule 56 because Defendants' submission of the affidavits "constitute a bad faith effort to introduce new evidence (Agnew and Jordan) and sham arguments (Robinson)." (Motion at 11-12). "If satisfied that an affidavit . . . is submitted in bad faith or solely for delay, the court . . may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result." Fed. R. Civ. P. 56(h).

The Court will deny Plaintiffs' request to sanction Defendants because the affidavits will not prejudice Plaintiffs. *See Sutton v. United States Small Business Administration*, 92 Fed.Appx. 112, 2003 WL 22976561 *3 (6th Cir) (district court did not abuse its discretion in not awarding sanctions where affidavit, even if submitted in bad faith, did not prejudice plaintiffs); *Faberge, Inc. v. Saxony Prods., Inc.*, 605 F.2d 426, 429 (9th Cir. 1979) (plaintiff not entitled to sanctions under Rule 56, even if defendant had submitted an affidavit in bad faith, because summary judgment was not based upon that affidavit). The affidavits will not prejudice Plaintiffs because: (1) The motion supported

by the Agnew affidavit has been denied as moot following settlement; (2) The Court is reopening discovery to allow Plaintiffs to depose Jordan; and (3) The statements in the Robinson affidavit either did not contradict his deposition testimony or were stricken from the affidavit.

Defendants request that the Court sanction Plaintiffs for filing a frivolous motion.  (*See* Response at 7-8).  Plaintiffs' motion is not frivolous.  Defendants admit that they did not disclose Agnew and Jordan prior to the discovery deadline.  (*See id.* at 3, 5).  The Court will deny Defendants' request for sanctions.

**IT IS SO ORDERED.**

**BRUCE D. BLACK**
**CHIEF UNITED STATES DISTRICT JUDGE**