## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

YELENA BIRD, ROBERT BUCKINGHAM,
FREEDOM CHETENI, JOHN MORAROS
and  SATYA RAO,

                Plaintiffs,

vs.                                                                  No. CIV 08-851 BB/LAM

REGENTS OF NEW MEXICO STATE UNIVERSITY,
LARRY OLSEN, in his individual capacity,
JAMES ROBINSON, in his individual capacity,
MICHAEL MARTIN, in his individual capacity, and
ROBERT GALLAGHER, in his individual capacity,

                Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Larry Olsen's Motion for Summary Judgment on Plaintiff Satya Rao's claims Pursuant to 42 U.S.C. §§ 1981 and 1983 (Doc. No. 252, filed June 14, 2010 ("Rao Motion")) and on Defendant Larry Olsen's Motion for Summary Judgment on Plaintiffs' Claims for First Amendment Retaliation (Doc. No. 255, filed June 14, 2010 ("First Amendment Motion")).  For the reasons stated below, the Court will **DENY** both motions **without prejudice.**

    Plaintiffs' responses to the motions referenced above do not comply with the District's Local Rules which requires that the response specifically dispute the movant's facts by reference to record citations.  D.N.M.LR-Civ. 56.1(b).  While the responses state the number of some of the facts disputed and refer to portions of the record, they do so in a general, ill-defined manner which is not helpful to the Court.  Plaintiffs' Response to the Rao Motion states that "much of the information alleged to be disputed is in fact disputed" and later specifically identifies five of the facts in the

Motion. (Doc. No. 285 at 2, filed July 16, 2010). It is not clear to the Court whether Plaintiffs dispute any facts other than the five specifically identified. More importantly, Plaintiffs do not cite to the specific portion of the record upon which they rely for support for their contention that a genuine issue of material fact exists regarding those five facts. Instead, Plaintiffs set forth 44 "Additional Material Facts." Plaintiffs' Response to the First Amendment Motion is similarly ill-defined. (*See* Doc. No. 277, filed July 14, 2010 (setting forth 34 additional material facts)).

Defendant Olsen's reply briefs also fall short of assisting the Court. Defendant Olsen does not specifically address many of Plaintiffs' additional material facts. Instead, Defendant Olsen states that his undisputed material facts "are the only operative facts under consideration," makes conclusory assertions that Plaintiffs' additional material facts should not be considered, and asks the Court, if it considers Plaintiffs' additional material facts, that Defendant Olsen be allowed to submit additional factual material to controvert Plaintiffs' additional material facts. (*See* Doc. No. 300 at 2-5, n.1, filed August 9, 2010; Doc. No. 301 at 3-5, n.1, filed August 9, 2010).

The Court has a limited and neutral role in the adversarial process and will not comb the record, do counsel's work of organizing or make a party's arguments for it. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998). Doing so would not only consume an inordinate amount of time, but would result in the Court abandoning its neutrality and becoming an advocate in the adversarial process. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000)

Although the Court may consider as undisputed Defendant Olsen's material facts and Plaintiffs' additional material facts which are not properly addressed by the opposing party, *see* Fed. R. Civ. P. 56(e)(2), the Court prefers to resolve the issues on the merits. *See United States ex rel. The Precision Co. v. Koch Industries, Inc.*, 31 F.3d 1015, 1018 (10th Cir. 1994) ("The Federal Rules

reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . give an opportunity to properly support or address the fact . . . or issue any other appropriate order." FED. R. CIV. P. 56(e). The Court will give Plaintiffs and Defendant Olsen an opportunity to properly address the opposing parties' facts. *See Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1277-78 (10th Cir. 1994) (courts depend on the adversarial process for sharpening the issues for decision thereby minimizing the risk of an improvident or ill-advised opinion).

Because the Court is giving Plaintiffs another opportunity to properly respond, the Court will give Defendant Olsen the opportunity to revise his motions. Defendant Olsen may, within 30 days of entry of this Order, file revised motions or refile his original motions. The timing of responses and replies shall follow the District's Local Rule D.N.M. LR-Civ. 7.4. The Court will deny Defendant Larry Olsen's Motion for Summary Judgment on Plaintiff Satya Rao's claims Pursuant to 42 U.S.C. §§ 1981 and 1983 (Doc. No. 252, filed June 14, 2010) and Defendant Larry Olsen's Motion for Summary Judgment on Plaintiffs' Claims for First Amendment Retaliation (Doc. No. 255, filed June 14, 2010) without prejudice.

**IT IS SO ORDERED.**

_____
**BRUCE D. BLACK
CHIEF UNITED STATES DISTRICT JUDGE**