**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

YELENA BIRD, ROBERT BUCKINGHAM,
FREEDOM CHETENI, JOHN MORAROS
and  SATYA RAO,

                Plaintiffs,

vs.                                                                    No. CIV 08-851 BB/LAM

REGENTS OF NEW MEXICO STATE UNIVERSITY,
LARRY OLSEN, in his individual capacity,
JAMES ROBINSON, in his individual capacity,
MICHAEL MARTIN, in his individual capacity,
ROBERT GALLAGHER, in his individual capacity, and
MICHAEL ZIMMERMAN, in his individual capacity,

                Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

      **THIS MATTER** comes before the Court on Defendant Michael Zimmerman's Motion for Summary Judgment based on Qualified Immunity (Doc. No. 355, filed January 28, 2011).  For the reasons stated below, the Motion will be **DENIED without prejudice**.  Defendant Zimmerman may, within 30 days of entry of this Order, file a revised motion for summary judgment based on qualified immunity.

      Plaintiff Cheteni has asserted discrimination and retaliation claims against Defendant Zimmerman under 42 U.S.C. § 1981 stating that Zimmerman "denied Cheteni in-state tuition for discriminatory and retaliatory reasons when Cheteni actually qualified for in-state tuition."  (Fourth Amended Complaint ¶ 158 at 33, Doc. No. 348, filed January 18, 2011).  Cheteni also alleges that "Zimmerman also singled Cheteni out for adverse treatment by writing to Immigration and Customs Enforcement Special Agent Marquez to advise him personally that Cheteni was not registered." (*Id.*).  To establish a prima facie case of discrimination under Section 1981, a plaintiff "must

demonstrate (1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees." *Carney v. City and County of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008).  To establish a prima facie case of retaliation, a plaintiff  must show "(1) that she engaged in protected activity; (2) [the employer]  took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection existed between the protected activity and the adverse action." *Id.*, 534 F.3d at 1276.

Zimmerman now moves for summary judgment based on qualified immunity.  "When the qualified immunity inquiry turns on a subjective element, as it does when examining motive, the qualified immunity analysis is 'modified slightly.'" *McBeth v. Himes*, 598 F.3d 708, 724 (10th Cir. 2010) (applying slightly modified analysis to a First Amendment retaliation claim).  "The defendant must do more than merely raise the [qualified] immunity defense; he must make a prima facie showing of the objective reasonableness of the challenged conduct." *Id.*  "If the defendant makes this prima facie showing, the plaintiff must then produce specific evidence of the defendant's culpable state of mind to survive summary judgment." *Id.* at 724-725; *see also Bruning v. Pixler*, 949 F.2d 352, 356 (10th Cir. 1991) (qualified immunity procedure must be modified slightly when plaintiff's claim contains a subjective element, such as defendant's purpose, motive, or intent); *Lewis v. City of Ft. Collins*, 903 F.2d 752, 755 (10th Cir. 1990) (employee failed to produce specific evidence of employer's discriminatory purpose and, thus, failed to overcome employer's defense of qualified immunity).

Zimmerman's Memorandum (Doc. No. 356, filed January 28, 2011) in support of his Motion does not discuss the "slightly modified" analysis applicable when the qualified immunity inquiry turns on a subjective element, as it does when examining motive.  *See McBeth v. Himes*, 598 F.3d at 724.  Neither does Plaintiffs' Response.  (*See* Doc. No. 366, filed February 22, 2011).  The Court

2

will **DENY** Zimmerman's Motion for Summary Judgment based on Qualified Immunity **without**

**prejudice** and will provide the parties an opportunity to address the slightly modified qualified

immunity analysis.  *See Pueblo Neighborhood Health Centers v. Losavio*, 847 F.2d 642, 645 (10th

Cir. 1988) (reversing district court that applied the wrong standard in resolving the qualified

immunity issue).  Zimmerman may, within 30 days of entry of this Order, file a revised motion.

    **IT IS SO ORDERED.**

_____

**BRUCE D. BLACK**
**CHIEF UNITED STATES DISTRICT JUDGE**