# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

YELENA BIRD, FREEDOM CHETENI,
JOHN MORAROS and SATYA RAO,

    Plaintiffs,

vs.               No. CIV 08-851 WJ/RHS

REGENTS OF NEW MEXICO STATE UNIVERSITY,
LARRY OLSEN, in his individual capacity,
JAMES ROBINSON, in his individual capacity,
MICHAEL MARTIN, in his individual capacity,
ROBERT GALLAGHER, in his individual capacity, and
MICHAEL ZIMMERMAN, in his individual capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF MORAROS' RETALIATION CLAIM BASED ON CANCELLATION OF SUMMER 2007 CLASS

**THIS MATTER** comes before the Court on Defendants New Mexico State University, Robinson and Olsen's Motion for Summary Judgment on Plaintiff Moraros' Claim for Retaliation Based on Cancellation of Summer 2007 Courses (Doc. 504).  For the reasons stated below, the Court grants the motion.

## BACKGROUND

Moraros contends that he was scheduled to teach two courses in the summer of 2007 and that  Defendants cancelled both courses in retaliation against Moraros.  The Court has previously granted summary judgment in favor of Defendants regarding one of the cancelled classes.  (Doc. 498 at 15-18).  Defendants admitted that they cancelled one class in the summer of 2007 that was to be taught by Moraros due to low enrollment.  Defendants did, however, split a course taught by Plaintiff Bird, which had significant enrollment, into two sections, and allowed Moraros to teach one of the sections without a reduction in compensation.  The Court denied Defendants'

motion for summary judgment regarding the alleged cancellation of the second class because Defendants did not offer any facts or argument regarding the second class and allowed Defendants to file an additional motion for summary judgment regarding the second class. (Doc. 498 and 500). That motion is now before the Court.

## DISCUSSION

### I.  Legal Standard

"To establish a prima facie case of retaliation [under Title VII and § 1981], [a plaintiff] must establish that: (1) he engaged in protected opposition to discrimination; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action." *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1252 (10th Cir.2001). "As with claims for discriminatory discharge, if the plaintiff establishes a prima facie case of retaliation, the burden shifts to the employer to articulate a nondiscriminatory reason for the adverse employment action. If the employer satisfies this burden of production, then, in order to prevail on her retaliation claim, the plaintiff must prove that the employer's articulated reason for the adverse action is pretextual, i.e. unworthy of belief." *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1264 (10th Cir.2001).

The legal standards for retaliation under Title VII and the NMHRA are the same as those under Title VII and § 1981. To establish retaliation under Title VII, "a plaintiff must show that: (1) she was engaging in a protected activity; (2) the funded entity subjected her to an adverse action after or contemporaneously with the protected activity; and (3) a causal link between the adverse action and the protected activity." *Whitfield v. Notre Dame Middle School*, 412 Fed.Appx. 517, 522 (3d Cir. 2011). "In order to establish a claim of retaliation under the NMHRA, a plaintiff must demonstrate that (1) she engaged in protected activity; (2) she suffered

an adverse employment action; and (3) there is a causal connection between these two events."

*Charles v. Regents of New Mexico State University*, 256 P.3d 29, 33 (N.M.App. 2010).

## II.      The Second Summer Class

Defendants argue that in order to teach more than one course in any given summer semester, a faculty member must seek and obtain written approval from the executive vice president and provost.  (Motion at 11).[1]  In 2007, NMSU's Policy Manual[2] stated that with regard to summer teaching, faculty members would generally be allowed to teach only one summer session; in exceptional cases, faculty could teach in two summer sessions, or teach two courses in one summer session.  Such requests had to be submitted in writing and approved by the executive vice president and the provost.  (Motion at 4).  Defendants state that Moraros has not produced any evidence that supports his contention that Moraros sought such approval or that approval was granted.

Bird and Moraros dispute Defendants' material fact regarding NMSU's policy regarding the number of summer classes faculty members are allowed to teach stating:  "The referenced section of NMSU's Policy Manual indicated that <u>generally</u> faculty are supposed to teach only one summer session, but the policy allows for exceptions.  Moraros was scheduled to teach one course in each of the two summer sessions in 2007."  (Response at 3, Doc. 506) (<u>emphasis</u> in original) (citing Moraros' Deposition).  In his deposition, Moraros stated: "I was originally scheduled and promised to teach two sections, and I only ended up teaching one."  (Doc. 506-1

---

[1] Defendants' motion states that it "addresses [Moraros'] remaining claim for retaliation based on the cancellation of the alleged second summer course."  (Doc. 504).  However, many of the material facts and much of the argument in Defendants' motion appear to relate to the first summer class that the Court has previously ruled on in that they describe a summer class that was cancelled due to low enrollment, that Defendants split an over-subscribed course to be taught by Plaintiff Bird into two sections, and allowed Moraros to teach one of those sections thereby allowing him to earn the same income.

[2] Defendants attached an excerpt of NMSU's Policy Manual to their motion.  (Motion, Ex. C).

at 332:4-6).   Although Moraros testified that he was scheduled and promised to teach two sessions, neither scheduling nor promising constitute the necessary approval required by the NMSU policy manual.

There is no dispute that there may be exceptions to the general rule that faculty members may teach only one summer session.  Section 5.25.40 of the NMSU Policy Manual provides:

> <u>Teaching Overloads</u>:  In general, faculty members will be employed in one 6-week period only.  In exceptional cases, where approved by the executive vice president and provost, a faculty member may serve in two 6-week sessions, and will receive a salary for each session based on the percent of service for that session.  Faculty members may be scheduled to teach up to 6 credits in one summer session.  The request should be submitted in writing, including justification, to the executive vice president and provost.

(Doc. 504-3 at 12).

Defendants argue that Moraros' retaliation claim fails because he cannot demonstrate a material adverse action, cancellation of the second class, because there was no second class to cancel.  (Doc. 504 at 9, 11).  Defendants state that Moraros never obtained approval by the executive vice president and provost, as required by NMSU policy, to teach a second class, "even if such was at one time contemplated."  Moraros does not cite to any portions of the record to establish that he submitted a written request to teach two sessions and that his request was approved by the executive vice president and provost.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 257 (1986) ("plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment.  This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery.").   Consequently, the Court grants Defendants' motion for summary judgment.

**Defendant Robinson**

The motion also seeks summary judgment in favor of Defendant Robinson on grounds that do not require a determination of whether Moraros was approved to teach a second summer class.  Defendants assert, and support their assertion with Robinson's affidavit, that: (1) Robinson was hired during the summer of 2007; (2) by the time he was hired, the summer class schedules for 2007 were already arranged; and (3) Robinson had no role in creating or changing teaching assignments for the summer 2007 schedule.  (Motion at 5).  Moraros does not dispute Defendants' assertion that Robinson was not involved with determining the summer class schedules and teaching assignments.  Accordingly, the Court grants summary judgment in favor of Robinson on Moraros' retaliation claim based on the alleged cancellation of the second summer class.

SO ORDERED.

_____
**UNITED STATES DISTRICT JUDGE**