IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YELENA BIRD, FREEDOM CHETENI,
JOHN MORAROS and SATYA RAO,

                Plaintiffs,

vs.                                                          No. CIV 08-851 WJ/RHS

REGENTS OF NEW MEXICO STATE UNIVERSITY,
LARRY OLSEN, in his individual capacity,
JAMES ROBINSON, in his individual capacity,
MICHAEL MARTIN, in his individual capacity,
ROBERT GALLAGHER, in his individual capacity, and
MICHAEL ZIMMERMAN, in his individual capacity,

                Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Review Clerk's Order Settling Costs and Motion to Stay Execution and Waiver of Supersedeas Bond, Doc. 523.  For the reasons stated below, the Motion is **GRANTED in part** and **DENIED in part.**

After dismissing all of Plaintiffs' federal claims and declining to exercise jurisdiction over their state law claims, the Court entered a Rule 58 Judgment, Doc. 514.  After Plaintiffs filed a Notice of Appeal, Doc. 515, Defendants filed a Motion to Tax Costs, Doc. 518.  On June 26, 2014, the Clerk of Court entered an Order Settling Costs, Doc. 522, in favor of Defendants in the amount of $18,541.01.   Plaintiffs then filed the Motion now before the Court.

**Apportionment of Taxed Costs**

Plaintiffs ask the Court to order Defendants to apportion the costs based on the costs that were actually incurred in defending each particular Plaintiff's claims.   The general rule is that the losing parties are jointly and severally liable for costs unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs.  *See Anderson v. Griffin*, 397 F.3d 515, 522-523 (7th Cir. 2005); *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 497

(8th Cir. 2002).

It appears that one or more of the Plaintiffs may be responsible for a disproportionate amount of the costs. Plaintiffs correctly note that there are four plaintiffs with distinct claims which were addressed in distinct motions for partial summary judgment; each of the four plaintiffs had distinct claims that arose out of different sets of facts and which could have been brought as four separate lawsuits. Plaintiffs point out that some of the depositions were used solely in defense of claims brought by a single Plaintiff and argue that they may be unfairly taxed costs not associated with the defense of their individual claims. In addition, the deposition costs listed in Defendants' Motion to Tax Costs show that some of Plaintiffs' deposition costs are disproportionate to the others. For example, the cost for Plaintiff Moraros' deposition is $1,968.62, which is approximately twice the cost of Plaintiff Cheteni's deposition, $965.92. *See* Doc. 518 at 3.

Defendants shall file a revised declaration of costs which apportions the costs among the various Plaintiffs. Plaintiffs shall have 14 days after service of the revised declaration of costs to file a response. Defendants shall have 14 days after service of the response to file a reply.

**Elimination or Reduction of Costs**

Federal Rule of Civil Procedure 54(d) authorizes an award of costs to prevailing parties. The Rule states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Rule 54(d) creates a presumption that the prevailing party shall recover costs." *Klein v. Grynberg*, 44 F.3d 1497, 1506 (10th Cir. 1995). In addition, "a district court must provide a valid reason for not awarding costs to a prevailing party." *Cantrell v. International Brotherhood of Electrical Workers*, 69 F.3d 456, 459 (10th Cir. 1995). The losing party has the burden of overcoming the presumption that the prevailing party is entitled to costs. *See Serna v. Manzano*,

616 F.2d 1165, 1167 (10th Cir. 1980).

Plaintiffs argue that no costs should be awarded or should be significantly reduced. They state "Taxation of costs against the Plaintiffs will only serve to chill future litigation of civil rights claims and is therefore unnecessary and unjust." Motion at 2-3. They also contend that the Court "may deny a motion for costs if the issues in the case are 'close and difficult.'" Reply at 3, Doc. 525.

The Court will deny Plaintiff's request to eliminate or reduce costs. Plaintiffs make the conclusory allegation that the costs were unnecessary but do not explain why any of the depositions of the various witnesses were unnecessary. Regarding their argument, that taxation of costs will only serve to chill future litigation of civil rights claims and therefore should not be awarded, the Tenth Circuit has "upheld the 'traditional presumption' of awarding costs to prevailing defendants in civil rights case[s]." *Johnson v. Oklahoma ex rel. Univ. of Oklahoma Bd. of Regents*, 229 F.3d 1163, *3 (10th Cir. 2000). Plaintiffs cite a Tenth Circuit case for the proposition that the Court may deny a motion for costs if the issues are "close and difficult." Reply at 3 (citing *Cantrell*). The Tenth Circuit in *Cantrell* did not hold that a court may deny a motion for costs if the issues are close and difficult; it merely noted that the Sixth Circuit has "held that a district court may deny a motion for costs if the costs are unreasonably high or unnecessary, a prevailing party's recovery is insignificant, or the issues are close and difficult." *Cantrell*, 69 F.3d at 459 (citing *White & White, Inc. v. American Hosp. Supply Co.*, 786 F.2d 728, 730 (6th Cir. 1986)). In a later case, the Tenth Circuit stated:

> Because a denial of costs is a severe penalty, there must be some apparent reason to penalize the party if costs are to be denied. *Klein*, 44 F.3d at 1507 (reversing the district court's decision to deny costs because the litigation was complex or lengthy or because the plaintiffs did not prevail on all of their claims).

*Aerotech, Inc. v. Estes* 110 F.3d 1523, 1526-1527 (10th Cir. 1997); *see also Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995) (stating "We find no justification to penalize plaintiffs [by

3

denying them costs] because this litigation was complex or lengthy").

**Stay of Execution of Judgment/Waiver of Bond Requirement**

Federal Rule of Civil Procedure 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond." Plaintiffs, who have filed a notice of appeal, move the Court to stay the execution of judgment pending appeal and to exercise its discretion and waive the bond requirement. Plaintiffs state: "Purchase of a bond would be an unnecessary expense given the nature of Plaintiffs' employment." Motion at 4; Reply at 5.

The "purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution and . . . a full supersedeas bond should be the requirement in normal circumstances." *Miami International Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). District courts "have inherent discretionary authority in setting supersedeas bonds" and look to general equitable principles:

> Accordingly, when setting supersedeas bonds courts seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors. . . . A full supersedeas bond may be required "where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable", whereas no bond or a reduced bond would suffice when the creditor's interest, due to unusual circumstances, would not be unduly endangered. . . .

*Miami*, 807 F.2d at 873 (quoting *Texaco, Inc. v. Pennzoil Company*, 784 F.2d 1133, 1154, 1155 (2d Cir. 1986) and citing *United States v. Kurtz*, 528 F.Supp. 1113, 1115 (D.Pa. 1981) (it is appellant's burden to demonstrate objectively that posting a full bond is impossible or impractical and to propose a plan that will provide adequate (or adequate as possible) security for the appellee)).

The Court will not waive the full supersedeas bond requirement because Plaintiffs have not shown that they are unable to post the full bond. *See Miami*, 807 F.2d at 874 (holding that district court did not err in granting a stay without a supersedeas bond where there was evidence defendant

was unable to post a full bond; quoting *Texaco, Inc. v. Pennzoil Company*, 784 F.2d 1133, 1154, 1155 (2d Cir. 1986) ("when setting supersedeas bonds courts seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors")) .

**SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**